## SAMUEL PHILLIPS v. WILLIAM PARR.

Where a petition for certiorari is based upon the ground that the Court decided unjustly upon the merits, it should contain a statement of what are alleged to be all the facts in evidence.

The petition for certiorari was held to be sufficient in this case, on the ground that it seemed to have been the intention of the petitioner to give a statement, in substance, of all the facts in evidence, from which it appeared there was injustice in the judgment of the Justice of the Peace.

Error from Lamar. Tried below before the Hon. William S. Todd.

Suit by Parr against Phillips in a Justice's Court, for the value of six hogs, the property of Parr, which Phillips caused to be killed and appropriated to his own use. Judgment for plaintiff for $44. Certiorari by Phillips; afterwards dismissed on motion. The allegations of the petition are sufficiently stated in the Opinion.

*J. T. Mills,* for plaintiff in error.

HEMPHILL, CH. J. The petition for certiorari was dismissed on motion, and the plaintiff Phillips has sued out his writ of error. From the allegations it appears that Parr brought suit before the Justice against Phillips, for the value of certain hogs killed by one Mullins under the authority and by direction of Phillips; that the plaintiff Phillips had sold some hogs to Parr, but those killed by Mullins were not included in the sale; that Mullins proved upon the trial, that the hogs killed by him were the property of Phillips and not of Parr; and

that before killing he had informed Parr of the hogs he was about to kill, and that Parr said it was all right except two pigs, and that he killed no other hogs than those mentioned to Parr. Petitioner admits that it was proven he had sold some hogs to Parr, but denies that he sold the hogs sued for. He charges that the Justice entirely disregarded the evidence in the cause, and gave judgment against the petitioner.

There is no distinct allegation that the averments contain, in substance, a statement of all the facts in evidence before the Justice, and especially with reference to the right of property in the hogs. But this seems to have been the intention of the plaintiff. The effect of the allegations is, that Mullins proves positively that the property in these specific hogs was in Phillips, and that the other evidence was to the effect that Phillips had sold some hogs to Parr, but did not identify those sued for as being a part of those that were sold; and if so, there was clearly injustice in the judgment, and the complainant was entitled to a trial *de novo* in the District Court. It is ordered that the judgment be reversed and cause remanded.

Reversed and remanded.