WILLIAMSON S. OLDHAM ET AL. *v.* JANE SPARKS, EXECUTRIX.

Where a petition for a *certiorari* would not be sufficient if amended as proposed, it is not error to refuse the amendment. (Paschal's Dig., Art. 54, Note 243.)

Gross neglect by an attorney at law, in failing to collect a claim received by him for that purpose, will render him liable to his client for the amount of damages consequent upon such negligence.

That a claim confided to an attorney for collection remained in his hands for

several years without any effort by him to collect it, and that the claim became barred by limitation while so remaining in his hands, are facts sufficient to show such negligence on his part as will render him liable to his client. The mere fact that he had not collected the claim could not exonerate him from such liability; he must show reasonable cause for his omission or failure to collect it.

The petition for a *certiorari* should set out all the evidence given before the justice; it should state some material error in the proceedings, that injustice had been done the petitioner, or that he had been unable to avail himself of some legitimate defense. (Paschal's Dig., Art. 468, Note 331.)

ERROR from Williamson. · The case was tried before Hon. EDWARD H. VONTRESS, one of the district judges.

This was originally a suit before a justice of the peace, instituted by the intestate of the defendant in error against the plaintiffs in error, to recover from them the amount of certain cost bills, payable by one John M. Costley, and placed in the hands of the plaintiffs in error for collection. There being judgment rendered by the justice against the plaintiffs in error for the amount of the cost bills and interest, they took the case to the District Court by *certiorari.* In their petition for the writ of *certiorari,* however, they omitted to designate the justice by whom, or the county wherein, the judgment had been rendered against them; and the adverse party moved the District Court to dismiss the *certiorari* on account of such omissions, and also because the petition itself showed that the judgment was just, and that the petitioners were seeking to be relieved from the effects of their own negligence, &c. The plaintiffs in error moved for leave to amend their petition, by inserting a statement of the name of the justice by whom, and of the county in which, the judgment had been rendered.

The District Court refused leave to amend, sustained the motion to dismiss, and rendered judgment, against the plaintiffs in error for the costs of suit.

The other facts are sufficiently shown in the opinion of the court.

No brief for the plaintiffs in error.

*Hancock & West*, for the defendent in error.—The first assignment of errors is as to the refusal of the court below to allow the plaintiffs in error to amend the petition for the *certiorari*.   The matter of amendment of pleadings is, to some extent, a matter of discretion in the district judge, and, as a general rule in this and similar cases, where the matters are in the discretion of the judge, the appellate court will not revise his action.   It is believed to be the safest rule in all such cases to refuse to revise such discretion, unless all the facts occurring at the time are presented to the Supreme Court by bill of exceptions, in such form as to show absolute injustice to a party, or palpable abuse by the judge below of such judicial discretion.   (Austin & Clapp v. Jordan, 5 Tex., 130; Cartwright v. Chabert, 3 Tex., 261; Burleson v. Hancock, *ante*, 81.)

It is believed there was no error in refusing leave to amend the petition for *certiorari*, because it is not believed to be a proper subject of amendment.

In Gunter v. Jarvis, 25 Texas, the court use the following language:  "We presume that when the plaintiffs asked leave to amend, they meant to ask leave to amend their petition for *certiorari;* the court below did not err in refusing to allow this to be done.   We do not mean to say that there might not be a case in which it would be proper for the plaintiff in the *certiorari* to represent to the District Court some fact not embraced in the petition for *certiorari*, but the petition itself cannot be amended so as to cure defects in it, or to supply omissions.   Upon a motion to dismiss, it must be tested upon its allegations as it was originally presented to the judge."

But we contend, further, that even had the amendment been allowed, still the petition was defective.   It did not show fully what evidence had been adduced in the court below, nor did it, either by inference or otherwise, show that in the petition for *certiorari* all the material evidence

was stated that had been heard by the justice. (Sayles' Practice, 91; 19 Tex., 135; Id., 91; 24 Tex., 633.)

WILLIE, J.—In the view which we take of this case, it is unnecessary for us to decide whether or not an amendment can under any circumstances be allowed to a petition for a *certiorari*. The court below did not in this instance err in refusing the amendment proposed, for the reason that the petition as thus amended would still have been insufficient to justify a writ of *certiorari*. It did not disclose any good defense to the action brought in the justices' court. On the contrary, if the evidence before that court was precisely what it is stated to be in the petition, judgment was properly rendered for defendant in error.

The fact that no proof was made, that plaintiffs in error had collected the bill of costs, was not sufficient to exonerate them from liability. Gross neglect by an attorney at law in failing to collect a claim received by him for that purpose would render him liable to his client for the amount of damages consequent upon such negligence. (Cox v. Livingston, 2 Serg. & Rawle, 103.)

There is nothing in the petition which negatives the existence of such neglect in the present case. On the contrary, the facts that the claim was in the hands of plaintiffs in error several years without any effort being made to collect it, and that it became barred by limitation whilst in their possession, and they have rendered no reasonable excuse therefor, show sufficient negligence on their part to entitle the defendant in error to the judgment she obtained before the justice of the peace.

The agreement between Oldham, Costley, and Sparks, so vaguely stated in the petition for *certiorari*, furnishes no excuse for not collecting the claim. This agreement is without any new consideration as to Sparks, the time when it was made is not stated with any certainty, and

moreover no diligence is shown on the part of plaintiffs in error to collect the claim out of fees due Costley in Tra-. vis county. From aught that appears, they were as much in default in enforcing this agreement as they were in prosecuting the original claim for costs.

The allegations of the petition for *certiorari* are vague and indefinite; there is no such fullness and certainty in the averments as will show what the case really was before the justice of the peace. The petition does not purport to state all the evidence produced on the trial in that court, nor does it show that any material error occurred in the proceedings, nor that injustice had been done the petitioners, nor that they had been unable to avail themselves of any legitimate defense. (Phillips v. Parr, 19 Tex., 91; McKenzie v. Pitner, Ib., 135.)

There is no error in the judgment, and it is

AFFIRMED.