[No. 9009.   In Bank. — September 29, 1886.]

## J. M. PIKE ET AL., RESPONDENTS, *v.* NATHANIEL J. BRITTAN, APPELLANT.

LANDLORD AND TENANT — NEGLIGENCE OF JANITOR — OVERFLOW OF WATER. — LIABILITY OF LANDLORD TO SUB-TENANT. — The landlord of a building is liable for the damage done to the goods of a sub-tenant by reason of an overflow of water which a janitor of a building, in the employ of the landlord, negligently permitted to escape from a wash-basin in the building.

APPEAL from an order of the Superior Court of the city and county of San Francisco, granting a new trial.

The facts are stated in the opinion.

*W. H. L. Barnes*, for Appellant.

The landlord was not liable for the damage caused by the overflow of the water. (*Robbins* v. *Mount*, 4 Robt. 553; *McCarthy* v. *York County Sav. Bank*, 74 Me. 315.)

*R. Thompson*, for Respondents.

The landlord was responsible for the damage caused by the negligence of its servant. (Civ. Code, secs. 1708, 1714, 3514, 3520; *Ortmayer* v. *Johnson*, 45 Ill. 471; Cooley on Torts, 441, 570, 684; Shearman and Redfield on Negligence, secs. 512–514.)

BELCHER, C. C.—This is an appeal from an order granting the plaintiffs a new trial. The motion was made on the minutes of the court, and the case comes here on the judgment roll, without statement or bill of exceptions. The action was brought to recover damages, and the facts, as they are disclosed by the record, are as follows: The defendant owned a building which was situate on California Street, in the city and county of San Francisco, and was three stories high. The plaintiffs were sub-lessees of a room on the ground-floor, and had stored in the room a stock of goods, wares, and merchandise. Above the room occupied by the plaintiffs was a room occupied by a tenant of the defendant, and above that a room occupied by the janitor of the building, who was in the employment and under the control of the defendant. In each of these upper rooms the defendant had placed a wash-basin, to which, for the purpose of bringing water to it, a pipe extended from the water main in the street, and from which a waste and overflow pipe led off to the sewer in the street. In the supply-pipe was a stop-cock to turn the water on and off, and for the waste-pipe was a plug, to be used in holding the water in, and then letting it out of the

basin. The supply-pipes for both basins were so large
that when the stop-cocks were turned so as to allow full
heads of water to run, the basins would fill up and over-
flow in less than a minute of time, though the waste and
overflow pipes were unobstructed and free. On the 28th
of November, 1878, the basin in the room next above
that occupied by the plaintiffs overflowed, and the water
ran down and damaged the plaintiffs' goods. Again, on
the 5th of December following, the basin in the room
occupied by the janitor overflowed, and the water ran
down and did more damage to the plaintiffs' goods.
These overflows were caused by the stop-cocks being
carelessly and negligently left open by the occupants of
the rooms in which the basins were placed.

The court found: " 11. That the said first-mentioned
overflow came from room number 9, in said build-
ing, then occupied by Mr. Niece, and that this overflow
did the larger part of the said damage, but not all. 12.
That the said second overflow came from a room in said
building occupied at the time by the janitor of said
building, and that the said janitor was then in the
employ of said defendant. 13. That the said second
overflow was caused by the basin cock being negligently
and carelessly left open when the water was turned off
in the building, and the plug in the bottom of the basin
was left in by the said janitor, thereby causing an over-
flow when the water was again turned on for the use of
said building. 14. That the said fixtures placed in said
building by the defendant were at that time reasonable,
suitable, and safe for the purpose for which they were
constructed, if used with proper and reasonable care.
15. That the injury sustained by the plaintiffs was caused
by the negligent and careless use of said fixtures by
some person or persons other than the defendant, and
over whom defendant had no authority or control; and
who turned on the water into said basin or basins, and
carelessly and negligently omitted to turn off the said

water, and permitted the same to flow, without shutting off the same when its use was no longer necessary."

Upon the findings, judgment was rendered in favor of the defendant. The new trial appears to have been granted, because the findings were conflicting, and did not support the judgment. It may be admitted, as claimed for the appellant, that a landlord is not liable to one tenant for injuries caused by the negligence of another tenant, but still that does not meet the whole case. "If the injury result from the negligence of the owner, either in constructing or upholding the freehold, he is responsible; but is not, in general, responsible for the negligence of the tenant in the use of it." (*Eakin* v. *Brown*, 1 E. D. Smith, 44.)

Without seeing the testimony, we are unable to say whether the defendant can be held liable for the damage caused by the first overflow, but we think it clear that he is liable for so much of the damage as was caused by the second overflow. "A master is responsible to third persons for the negligence of his servants in the course of their employment as such, to the same extent as if the act were his own." (Shearman and Redfield on Negligence, sec. 59.) The janitor whose negligence caused the second overflow was the servant of the defendant, and his negligence was in the course of his employment. The conclusion of the court, therefore, that the defendant was not liable at all, was unauthorized by the facts, and the new trial was properly granted.

The order should be affirmed.

SEARLS, C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the order is affirmed.