# APRIL, 1913

### R. C. PORTER v. HERMAN KRUEGEL.

#### No. 2290.   Decided April 2, 1913.

1.—Dismissal—Reinstatement.

Petition for reinstatement of an action dismissed for want of prosecution held to show absence of negligence on plaintiff's part leading to such dismissal and due diligence in moving for its reinstatement and endeavoring to procure action on such motion.   (Pp. 29-32.)

2.—Attorney and Client—Contract—Breach—Damages.

Petition for damages against an attorney for failure to perform contract to prosecute an action for plaintiff held to show a cause of action and ground to recover back the fee paid for such service, the allegations being of refusal to prosecute an appeal and collusion of the attorney with the opposite party. (P. 32.)

Error to the Court of Civil Appeals, Fifth District, in an appeal from Dallas County.

Kruegel sued Porter and appealed from a judgment for defendant. Porter obtained writ of error on a judgment reversing and remanding (136 S. W., 801) on the ground of dissent by one of the judges of the Court of Civil Appeals.

*J. C. Muse,* for plaintiff in error.—The damages sought to be recovered by the defendant in error (plaintiff in trial court) are not the natural and proximate results of the alleged breach of the contract as pleaded by defendant in error.   Travis v. Duffau, 20 Texas, 50; Girard v. Moore, 86 Texas, 676; Brandon v. Manufacturing Co., 51 Texas, 128; Waco Water Company v. Stanford, 1 Civ. App. Cases, secs. 193-195.

·Damages claimed by plaintiff against this defendant are too remote and speculative and depending upon too many contingencies to be recovered in law.   Sherrick v. Wyland, 14 Texas Civ. App., 299; Jones v. George, 56 Texas, 154; Clifford v. Leroux, 14 Texas Civ. App., 340; O'Connor & Co. v. Smith, 84 Texas, 239.

*Herman Kruegel, in pro. per.,* for defendant in error.

MR. CHIEF JUSTICE BROWN delivered the opinion of the court.

Defendant in error instituted this proceeding in the District Court of Dallas County against R. C. Porter, by petition, to set aside a judgment dismissing a former suit by plaintiff, Kruegel, against said Porter, which had been filed in that court, wherein the plaintiff sought to recover from Porter damages for failing to prosecute two suits in the

same court, instituted and pending against parties hereafter named, which suit against Porter was set for trial on a certain day of the term of the District Court; but plaintiff was not informed of the fact that the case had been set until he saw an announcement in a newspaper that the case had been dismissed for want of prosecution, and on the next day after getting the information plaintiff filed a motion to reinstate that case upon the docket. The motion was called for trial, and plaintiff was ready for a hearing of it, but Porter asked for a postponement, which the presiding judge granted. Judge Scott, as special judge, was presiding in said court on account of the sickness of Judge Nash, the regular judge of the court, and before the time set for hearing the motion Judge Scott retired, and Judge Nash adjourned the court and died, so that plaintiff could not obtain action upon his motion to reinstate the case at that term.

In order to sustain the proceeding in this case, the petitioner must show that in his petition (in the suit dismissed) he alleged facts which, if true, would have entitled him to judgment against Porter, and that the dismissal of his original suit was not on account of negligence on his part. It must also appear that he was reasonably diligent in seeking a reinstatement of the case during the term when it was dismissed, and, having filed a motion in proper time, he must show in this case that he was not negligent in failing to have the motion acted upon at the same term; and there must be alleged in his petition facts which, if true, show a cause of action against Porter. We are of opinion that plaintiff's petition, if the allegations be true, was sufficient to show that he was not guilty of negligence that would justify a court in refusing to hear him and give judgment, if he should show himself entitled to relief, against Porter. It is difficult to condense and state the substance of the petition; we therefore copy as follows: "Wherefore plaintiff sues now at a subsequent term for to set aside the judgment of dismissal, and to reinstate his said case, and for a judgment on its merits; and for cause of action and complaint against defendant, Porter, further pleads as follows, towit: That defendant is now, and was on December 15, 1900, and a long time before, a practicing attorney at law in the City of Dallas, and that on said day, by a certain agreement then made and entered into in writing between plaintiff and defendant, duly signed in duplicate, it was agreed and understood that defendant, as an attorney at law and counsel for plaintiff, should and would conduct and prosecute to a final termination for plaintiff two certain suits at law theretofore prepared and filed by plaintiff in his own proper person, in behalf of himself and wife, in the Forty-fourth District Court, Dallas County, Texas. Said suits were on the docket of said court numbered and styled, respectively, viz., No. 18,117, Herman Kruegel et ux. v. Ben E. Cabell, Sheriff, et al., and No. 19,937, Herman Kruegel et ux. v. Reinhardt Nitschman et al., and both of said suits as pleaded by plaintiff presented each a good, legal, valid and meritorious cause of action, and the damages sustained and sued on by plaintiff in each suit were not less, but a great deal more, than $5000 actual damages and

$5000 exemplary damages. The record and papers in both cases have since mysteriously disappeared or been .made away with in a manner unknown to plaintiff, so they can not be found, and as plaintiff believes, purposely, by concerted action, for a fraudulent purpose. The causes of action for damages in said two suits were, in substance, based on a wilful, malicious and reckless, wrongful and unlawful invasion of and trespass on plaintiff's homestead property, and malicious and mischievous, wrongful and unlawful destruction of plaintiff's property or improvements thereon, under and by virtue of a pretended writ of possession of an easement, maliciously, wrongfully and unlawfully sued out under an erroneous, invalid, illegal, void and dormant judgment rendered in the Fourteenth District Court in case No. 12,930, Reinhardt Nitschman v. Herman Kruegel et ux."

It is alleged that plaintiff paid the fee to Porter according to agreement, and he resumes his complaint thus: "And plaintiff now complains that defendant had accepted plaintiff's said note and money without giving or intending to give value received therefor. and has wilfully and negligently, recklessly, fraudulently, wrongfully and unlawfully committed a breach of contract in these premises, in that he has collusively with plaintiff's adversaries wilfully and treacherously or otherwise wholly failed to prosecute said case in good faith with proper care to the best of his ordinary skill and ability in the aforesaid Forty-fourth District Court, to good . effect and success, when he could have done so, and has failed to make use of all the law and principles of law known to him and pointed out to him, and relied on by plaintiff as applicable to and controlling the said cases; and he has wholly failed to carry and prosecute said cases to final termination to the appellate courts of the country as originally intended and agreed by and between plaintiff and defendant, in and by aforesaid agreement, when he could and should have done so.. And by reason of which breach of contract, collusion, deception, treachery and gross negligence, or otherwise, of defendant's failure and refusal to urge and apply all the law applicable to said cases in said Forty-fourth District Court, known to him, and by reason of other undue influence and reversible errors of said trial court, said cases were in said Forty-fourth District Court erroneously or otherwise unjustly decided against plaintiff.; and by the failure and refusal of said defendant to carry and further prosecute said cases on appeal or writ of error to the appellate courts of the country for revision and correction of the errors committed on trial in said Forty-fourth District Court for final termination as agreed, which would there have been reversed and remanded, and on new trial in the court below said two cases would have been decided in favor of plaintiff, and plaintiff would have recovered judgment for the amount sued for in said two suits."

The petition alleges that the defendants in the suit which Porter was employed to prosecute were solvent, and that by proper prosecution the claim against them could have been recovered and collected.

The majority of the Court of Civil Appeals reversed the judgment

of the District Court and remanded the case. Justice Bookhout dissented, which gives this court jurisdiction.

The proceeding is to set aside the judgment of dismissal at a former term and for a new trial of the case. Bryorly v. Clark, 48 Texas, 345, is authority for the propositions which follow.

The petition alleges distinctly a contract with Porter to prosecute the two suits named, and also alleges a breach of the contract in the fact that he refused to prosecute an appeal, besides allegations of collusion with the defendants and fraud on his part. It alleges the making of a contract for $175 as a fee to Porter for services to be rendered and the payment of the fee to Porter by Kruegel.

The general demurrer admits the truth of those allegations and, treating them as true, we think the plaintiff would be entitled to nominal damages for breach of the contract, and that, considering as facts the allegation that Porter refused to prosecute the two cases to the Supreme Court, and that he fraudulently combined and confederated with the adversaries of his client, the plaintiff would be entitled to recover the fee paid by him to Porter. The petition was not subject to general demurrer, and the Court of Civil Appeals properly reversed the judgment and remanded the case to the District Court.

It is unnecessary for this court to pass upon other allegations of fraud, etc.

The judgment of the Court of Civil Appeals is affirmed. It is ordered that plaintiff in error pay all costs of this court and of the Court of Civil Appeals.

*Affirmed.*