## ARCHIBALD v. FIDELITY TITLE & TRUST CO. et al. (No. 314.)

Court of Civil Appeals of Texas. Eastland. May 27, 1927.

Rehearing Denied June 24, 1927.

1. **Appeal and error** &#8709;917(1)—**On appeal, after sustaining of demurrer, allegations of petition must be taken as true.**

On appeal, after sustaining of demurrer to petition, allegations of petition must be taken as true.

2. **Landlord and tenant** &#8709;164(5), 166(6)— **Landlord owes lessee's subtenant, not trespasser, duty not to negligently injure him or his property.**

Landlord owes subtenant of lessee of part of building, who is not a trespasser, the duty

not to injure him or his property by any act of negligence.

**3. Landlord and tenant ⊚⇒125(1)—There is no implied covenant of landlord that premises are tenantable, and, absent fraud, rule of caveat emptor applies.**

There is no implied covenant on the part of a landlord in a lease that the premises are tenantable or reasonably suitable for occupation, and, in the absence of fraud or concealment by lessor of condition of property at date of lease, rule of caveat emptor applies.

**4. Landlord and tenant ⊚⇒166(5)—Landlord, controlling upper floor, has duty of exercising care to maintain roof and drains in condition that merchandise of subtenant of main floor will not be damaged by leakage.**

Where landlord retains control of entire upper floor of building and part of lower floor, he is charged with duty of exercising ordinary care to maintain roof and drainpipes in such condition that merchandise of subtenant of lessee of part of lower floor will not be damaged by water leakage.

**5. Landlord and tenant ⊚⇒169(3)—Petition, in action by subtenant of lessee of main floor against landlord for damage to merchandise from water leakage from roof, held to state cause of action.**

In action by subtenant of lessee of part of main floor of building against landlord for damages to merchandise from water leakage, petition, alleging that landlord retained control of upper floor of building and roof and had been given notice of defective condition of roof and promised to repair it, *held* sufficient to state a cause of action.

Appeal from Dallas County Court; Wm. M. Cramer, Judge.

Action by Thomas Archibald against the Fidelity Title & Trust Company and others. From a judgment on the demurrer for defendants, plaintiff appeals. Reversed, and cause remanded.

Emil Corenbleth, of Dallas, for appellant.
J. P. Dreibelbis and Locke & Locke, all of Dallas, for appellees.

LESLIE, J. The appellant, Thomas Archibald, trading as Archibald Hat Company, was plaintiff below, and sued appellees Fidelity Title & Trust Company and Marchioness De Amodio, née Josephine Wainwright, defendants below, alleging, in substance: That the appellees were the owners of a two-story building in Dallas, Tex., situated on lot No. 3, block No. 48, and known as 804–806 Main street, Dallas, Tex. The appellees, through their duly authorized agents and attorneys, Locke & Locke, entered into a written lease with one Frank McCarroll on a part of the lower floor of said building, or what is known as 806 Main street, for a period of three years, at a stipulated rental. McCarroll was to use the premises as a hatters' and tailors'

establishment. That the lease provided for the subleasing of the back portion of said ground floor, and that the appellant was occupying the back portion of said premises as provided for in the lease, and with the agreement, understanding, and knowledge of said agents and appellees and under a sublease contract from McCarroll. That appellees retained entire control and possession of the second floor of said premises, known as 804 Main street, and also retained control of the portion of the first floor not leased to appellant. That McCarroll and appellant had nothing to do with the upper floor of said building or the remaining portion of the same, and were only tenants of said part of the lower floor. That on or about November 5, 1924, appellant's premises were flooded by rain pouring in through the roof of said building and through the walls covering the premises leased by McCarroll and subleased to appellant. That same was caused by the failure and negligence of appellees to keep the roof in proper repair and the water drains unobstructed. That on a previous occasion water had leaked into the lower floor of the premises, due to the same cause, and the agents of appellees had been notified, and did, on each occasion, promise to fix the same. That appellant relied on said promises, but the repairs were not made until immediately after the damage of November 5, 1924. That the roof was then repaired, and a screen placed over the water drains, and the pipes cleaned out by the appellees.

Appellant further alleged specifically: That the appellees were charged with the responsibility of keeping said drains unobstructed and the roof in good repair. That said McCarroll had a written permission to sublease the back portion of the premises— the part occupied by appellant—and that appellees agreed, understood, and had knowledge that appellant was occupying such back portion as the subtenant of McCarroll, and so recognized him as such at the time of the injury to his merchandise. That, as a result of said leakage, appellant's goods were damaged in the amount sued for.

[1] The appellees, defendants below, urged a general demurrer to the plaintiff's petition, and, upon consideration thereof, the court sustained the same. To this action of the court error is assigned, and, from that ruling, this appeal is prosecuted. It is elementary that the allegations of the plaintiff's petition must be taken as true when a case is tried upon a general demurrer and such demurrer is sustained by the trial court. Therefore the allegations of the petition are to be taken as a statement of facts in reviewing the action of the trial court in sustaining such demurrer. Zucht v. King, 257 U. S. 650, 42 S. Ct. 53, 66 L. Ed. 416, dismissing certiorari from Court of Civil Appeals, 225 S. W.

267; Barton v. Farmers' State Bank (Tex. Com. App. Sec. A, October 14, 1925) 276 S. W. 177; Porter v. Kruegel, 106 Tex. 29, 155 S. W. 174.

[2] This brings us to a consideration of the facts alleged in plaintiff's petition, as well as the interesting law points carefully and concisely presented in the briefs by both the appellant and the appellees. It will be observed that the petition alleges that McCarroll, the original tenant, had written permission to sublease the back portion of the premises so leased to him, and that the appellees agreed, understood, and had knowledge that appellant was occupying that back portion as such subtenant of McCarroll, and recognized him as such. Under this state of facts, which we must assume, the sublessee was present in the building, not as a trespasser, but under a right to be there, and the landlord owed him a duty not to injure him or his property by any act of negligence on his part. Forrest v. Durnell et al., 86 Tex. 647, 26 S. W. 481; 36 C. J. § 918, p. 228; Pike v. Brittan, 71 Cal. 159, 11 P. 890, 60 Am. Rep. 527.

So finding the relations between the landlord and the subtenant to be as hereinbefore indicated, we have, after a careful review of the allegations of the petition, concluded that this cause ought to be returned for a trial upon the facts; and, in view of another trial, it may not be amiss for us to indicate briefly the controlling principles of law that should govern upon such a trial, in event the pleadings remain unaltered.

[3, 4] We are aware of the rule that there is no implied covenant upon the part of a landlord in a lease that the premises are tenantable or reasonably suitable for occupation, and that, in the absence of fraud or concealment by the lessor of the condition of the property at the date of the lease, the rule of caveat emptor applies. But, in a case like the instant one, where the landlord retains control of the entire upper floor of the building, as well as the other portions of the lower floor, not leased to appellant, the landlord is evidently charged with the duty of exercising ordinary care to maintain the roof and drainpipes thereof in such condition that the tenant's merchandise below may not be damaged from water leakage due to a defective condition in such roof or an obstructed condition of said pipes. If such defective condition of the roof or drainpipes exists, and the landlord knows of it, or by the exercise of ordinary care could have known of the same, then it would be negligence upon his part not to use such care to remedy the same,

and such damages as proximately arise from such negligence would be chargeable to the landlord by the tenant, or, as in this case, by the subtenant, provided he is not guilty of contributory negligence; and unquestionably the allegations of appellant's petition herein sufficiently set forth such a state of facts which, if supported by evidence and believed by the court or jury, would render the appellees liable. Hence the issues arising under these pleadings should be presented to a jury under appropriate instructions.

[5] In the instant case the landlord retained control of the upper story of the building, which carried with it the exclusive control of the roof and drainpipes connected therewith; but we do not think the rule would be different or the liability of the landlord less in a case where such control of the roof remained in the landlord after he has rented the separate apartments of the building to different tenants.

Underhill on "Landlord & Tenant," § 489, says:

"The landlord who retains the supervision and control of the roof of premises which are let out to several tenants in separate apartments is responsible for its condition and liable if he shall prove negligent. As to the liability of the landlord of a tenement house as regards the condition of the roof, it has been held he is bound to exercise reasonable care and prudence to keep the roof of premises which are rented by him to tenants occupying separate apartments in a reasonably safe condition. * * * Whether the landlord has been negligent in the care of the roof is a question of fact to be determined on all circumstances in each particular case."

This seems to be a sound principle of law, and is supported by the great weight of authority. 36 C. J. § 768; 16 R. C. L. § 557; Charlow v. Blankenship, 80 W. Va. 200, 92 S. E. 318, L. R. A. 1917D, 1149, 17 N. C. C. A. 225; Sawyer v. McGillicuddy, 81 Me. 318, 17 A. 124, 3 L. R. A. 458, 10 Am. St. Rep. 260; Paternostro v. Bradley et al. (Tex. Civ. App.), 262 S. W. 896; O'Connor v. Andrews, 81 Tex. 28, 16 S. W. 628.

In the last case, the injury sustained was by a third person, but there is no reason why a tenant would not have his cause of action under like circumstances against the landlord for injuries to his person or property arising out of and due to the negligence of such landlord. Charlow v. Blankenship, supra.

For the reasons assigned, the judgment of the trial court is reversed, and this cause is remanded for another trial.