**MANSELL et al. v. TEXAS OSAGE CO-OPERATIVE ROYALTY POOL, Inc., et al.**

**No. 11727.**

Court of Civil Appeals of Texas. Galveston.

Nov. 1, 1945.

Rehearing Denied Nov. 29, 1945.

Butler, Binion, Rice & Cook, of Houston, for appellants.

House, Mercer, Edwards & Irvin, of San Antonio, and Sewell, Taylor, Morris & McGregor, of Houston, for appellees.

GRAVES, Justice.

Appellants, who were plaintiffs below, prosecute this appeal against the appellees, who were defendants below, as proceeding from a judgment of the 55th District Court of Harris County in cause No. 294,743, upon the docket thereof, styled "Maggie Mansell, A widow, et al., v. Texas Osage Co-Operative Royalty Pool, Inc., et al., No. 294,743", wherein the court on March 16, 1945, in brief substance, adjudicated as follows:

(1) That the court had, back on the 9th day of March, 1945, set aside a purported agreement between counsel for such parties in that court to nullify the preceding order of the court—dated the 19th day of February, 1945—sustaining both a "plea in abatement" and a special exception of the defendants in that cause to the plaintiffs' original petition against them therein; thereby reinstating, or leaving in effect, the original order of February 19, 1945, sustaining such plea and exception, and reciting the dismissal of plaintiffs' cause of action against the defendants:

(2) That, having on such March 9, 1945, made a docket-memorandum denying such plaintiffs the right to keep on file an amended petition in the cause it had permitted them to file on the preceding 3rd day of March, 1945, it reiterated, as of that date of its judgment being then entered, March 16, 1945, such prior docket-entry refusal to permit such plaintiffs to revise—or then file—any such amended petition.

(3) It then further specifically decreed that the amended petition it had so permitted plaintiffs to file on the preceding 3rd day of March 1945, be so nullified on March 16, 1945, by its stated order withdrawing its permission to them to so file it; the court nevertheless, however, again expressly repeated its prior holding of February 19, 1945, which had been made upon plaintiffs' original petition, that their amended petition so permitted to be filed on March 3rd thereafter and then withdrawn on March 9th was vulnerable also in like manner as their original petition had been, both to the defendants' "plea in abatement", and their special exception —in haec verba applying that holding to "both pleadings, to-wit, the amended original petition and the original petition for which it was substituted, be stricken, to which action of the Court Mr. Cook, then

being in the presence of the Court and in open court, excepted and requested permission to file an amended original petition, which permission the Court denied, to which action of the Court plaintiffs excepted."

(4) It then, finally, appended to such decree of March 16, 1945, a full copy, "that it may become a part of the record", of the above mentioned purported agreement between the respective counsel for the parties of February 19, 1945, undertaking to set aside the court's preceding order of that same date. In sum, the court thus reinstated such original order of February 19, 1945, as in substance reflecting its final judgment on that date of March 16, 1945; to the effect that its reiterated holding on this last mentioned date was the same as its first holding of February 19, 1945, had been—that appellees' "plea in abatement", as well as their special exception to the plaintiffs' successive petitions, their original and their tendered one amending it, were good, hence their suit was dismissed.

(5) The plaintiffs' exceptions to such orders of the court as of both dates referred to—that is, March 9th and March 16, 1945 —were noted in such decree the appellants herein so appealed from, to-wit, the one of March 16, 1945.

 In this court the appellees met such declared upon and duly prosecuted appeal of the appellants with the contention that this court has no jurisdiction to consider the same, because the final judgment of the trial court on the whole case had been rendered in such first one of its judgments therein on February 19, 1945, wherein it sustained their "plea in abatement" and special exception to plaintiffs' alleged cause of action in their original petition, and then dismissed their cause, from which judgment they gave no notice of appeal, within the 10 days allowed by Rule 353, Texas Rules of Civil Procedure; hence had thereafter no standing in court.

This court overrules the appellants' objection to its taking cognizance of this appeal, holding that to be properly before it, and that, since the trial court so disposed of the entire controversy on the claimed "plea in abatement" and special exception alone, without any trial there on the merits, the only question of law arising on this review is, whether such ruling of the court was correct.

This holding that the appeal was properly perfected so as to give this court jurisdiction is based, in the main, upon these considerations:

(1) Appellants by both their original and amended petitions sued substantially upon the same cause of action, that is, in trespass to try title to an undivided half of Section 65 in Block 2 of H. & T. C. Ry. Survey of land in Harris County, seeking to clear their alleged title thereto from any claim or clouds asserted by the appellees by virtue of a certain mineral deed thereto, under which the latter claimed a one-half interest in such property, as well as for damages, reformation of such deed, and other forms of relief, stating each of them, whether consistent with the others or not, in the alternative, pursuant to Nos. 47 and 48, Texas Rules of Civil Procedure;

Whereupon, the appellees interposed, first, a special exception, asserting that such claimed rights and action of appellants were barred by the 4-year statute of limitations, Vernon's Ann.Civ.St. art. 5527;

Second, a plea termed one "in abatement" averring that there was a misjoinder of parties-defendant, in that J. R. Clumpp, and a number of others, were not necessary parties to the suit, as they had by pleadings and evidence introduced by them shown that they had no interest in the subject-matter of the suit.

(2) The trial court's orders of both February 19, 1945, and March 16, 1945, sustained these objections, and so dismissed appellants' suit, as recited supra.

(3) The court's first order of February 19, 1945, was clearly not a final judgment, nor so regarded by the court itself; because, it continued the whole matter under consideration until at least March 9, 1945, when, for the first time, it set aside the purported agreement counsel for the parties had in the meantime made looking to the cancellation of its original February 19th order, and reinstated that original order; not only so, but on such March 9th, having on March 3rd first permitted appellants to file their amended petition, it again granted them such permission, which permits they promptly availed themselves of by filing notices of appeal on the respective dates of March 19 and 20, 1945, and it never denied them that privilege until in its March 16th judgment, to which appellants promptly excepted. They gave the stated notices of appeal therefrom, within the 10 days time prescribed, hence their appeal is clearly cognizable here, under the prescribed statutory procedure.

(4) Such action of the experienced trial court in so suspending and continuing the controversy under consideration from February 19, 1945 to March 16, 1945, through the filing-proceedings of appellants' original and amended petitions, and the other intervening proceedings referred to, was plainly pursuant to the commendable effort to give both sides their full days in court, and to pass upon all the causes of action and grounds of defense presented by either; to that end, it expressly re-adjudicated on March 16, 1945, the rights of both sides, under the pleadings then before it, inclusive of the appellants' original and amended petitions, under appellees' pleas interposing misjoinder of parties and the 4-year statute of limitations issues, reaching and therein finally declaring the same conclusion it had formerly entered, again so dismissing appellants' cause.

(5) That judgment of March 16th became the court's final judgment, the undisputed showing being, as indicated, that appellants duly and properly pursued this appeal therefrom.

In other words, in answering appellants' original petition, appellees filed two pleas; first, one styled "in abatement", alleging a misjoinder of certain named parties defendant on the ground that they had no interest in the land sued for; and second, the other charging that such original petition showed on its face that appellants' cause of action, if any, was barred by the 4-year statute of limitations.

To again restate the sequence: The trial court sustained both these pleas in its first order of February 19, 1945, and recited the dismissal of J. R. Clumpp and several other named defendants from the suit, then reciting that the 4-year statute of limitations applied, and dismissing the cause as to the same parties and some others on that count, to which action of the court in both respects the appellants excepted.

Thereafter, on March 3, 1945, in the setting already given, the appellants filed their first amended original petition with the express permission of the court, which declared upon essentially the same cause of action as did their original one, but

which amendment enlarged upon and divided its counts into separate specific ones, in order to more specifically meet the objections so raised by the appellees' special exception and so-called "plea in abatement".

The gist of the amended petition may be thus given:

"The first count contains the usual averments in trepass to try title, and for damages; the second count alleges that the land was the plaintiffs' homestead, and that the purported mineral deed in question was void on account of the lack of legal execution; the third count alleges that said purported mineral deed was executed in order that plaintiffs participate in a pool of some 2,229 mineral headrights, and such pool has never been formed; and that said deed was executed in reliance on certain fraudulent representations of the defendants, and contains the necessary allegations to properly plead fraud in the procurement, and further alleges that plaintiffs had only recently discovered that said representations were fraudulent and untrue, and could not have sooner discovered same in the exercise of due diligence; the fourth count alleges that the trustees and officials of the defendant Royalty Pool, Inc., had mismanaged the said pool willfully and wrongfully, and if it should be determined that plaintiffs are members of said pool, that they have been damaged by said conduct in the sum of at least $100,-000.00; the fifth count alleges that there is an excess in the Southwest Quarter of Section 65, and prays that said mineral deed, if it is valid, be reformed to cover and include not more than eighty (80) mineral acres; and the sixth count pleads that one of the plaintiffs is in the active military service, and that these proceedings should be stayed until sixty (60) days after his present military service, or at the end of the war, in the usual manner. Each count is in the alternative."

■ With the pleadings in this condition, as already indicated, the court by final decree, marked "Enter March 16, 1945", ruled that appellants were entitled to file such amended petition, and that it had been filed as of the 3rd day of March prior thereto; further, that, in the court's opinion, the amended petition was vulnerable to the "plea in abatement" and the special exception urging in part the 4-year statute of limitations, and, based thereon, it struck out both such petitions

and overruled appellants' exceptions to such action, as well as their request then made in open court that they have permission to file a further amended petition.

In both the stated rulings, the trial court is held to have been in error. Indeed, it seems clear from its quoted averments that the amended petition, which alone applies, asserted a cause of action that is not so barred, instead of showing on its face that it was, as the rule of law requires. 28 Tex.Jur., page 292; Robb v. San Antonio St. Ry., 82 Tex. 392, 18 S.W. 707; Lewis v. Alexander, 51 Tex. 578; Kruegel v. Porter, Tex.Civ.App., 136 S.W. 801, affirmed 106 Tex. 29, 155 S.W. 174; Young v. Archer Motor Co., Tex.Civ.App., 33 S.W.2d 752.

See also Texas Rules of Civil Procedure, Nos. 62, 63, and 65, which last named one provides that, in circumstances like those here existing, the amended petition is substituted for the original.

The first count, one in trespass to try title, would obviously not be subject to the 4-year statute, and the second one, setting up the homestead character of the land, and charging that the mineral deed claimed under on the other side had been void on account of not having been legally executed; and the third, asserting that the proposed pool had never been formed, and that actionable fraud in the procurement and execution of the mineral deed involved had been perpetrated upon the appellants, the allegations further expressly negativing the probability that the cause of action on that account was barred by limitation. The other counts speak for themselves, all together appearing to this court to indicate error below.

■ Sustaining the "plea in abatement" is held to have been inadvertent, in that appellants—under the quoted averments—were entitled to have all those parties retained in court until a trial on the merits was had, wherein it could be determined, as a matter of fact, whether they did or not have any beneficial interest in the land; since a jury was in attendance, the court had no authority to determine, upon a recitation that evidence was introduced in the matter, whether or not such parties did have any interest in the lands.

In other words, an involved question of fact like that could not be solved by a holding of the court on the claims incidentally brought before it in a plea of

abatement by certain of the defendants that they had been divested of any title to the land involved, when the appellants, on the extended allegations of fact set up by them, charged that such appellees could not be in their asserted position. See Armstrong v. Snapp, Tex.Civ.App., 186 S.W.2d 380.

Further discussion is foreborne, since these conclusions are thought to determine the merits of this appeal; they require that the judgment be reversed, and the cause remanded for another trial; it will be so ordered.

Reversed and remanded.