

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00019-CV

———————————————

MITCHELL "PAT" MURPHY D/B/A PAT MURPHY CONSTRUCTION &
MURPHY COMMERCIAL/RESIDENTIAL, Appellant

V.

LARRY HARRIS AND PHYLLIS HARRIS, Appellees

On Appeal from the 48th District Court
Tarrant County, Texas
Trial Court No. 048-331927-22

Before Kerr, Birdwell, and Wallach, JJ.
Memorandum Opinion by Justice Birdwell

## MEMORANDUM OPINION

Appellant Mitchell "Pat" Murphy d/b/a Pat Murphy Construction & Murphy Commercial/Residential filed a petition for permissive appeal. *See* Tex. R. App. P. 28.3. Although given an opportunity, Appellees Larry and Phyllis Harris did not file a response. We deny Murphy's petition because after the trial court signed the complained-of order, Murphy waited about five months to seek a permissive appeal. The prolonged delay defeats the purpose of a permissive interlocutory appeal. At this point, a permissive interlocutory appeal would do more to prolong the litigation than to shorten it.

## I. BACKGROUND

On October 16, 2023, the trial court signed the interlocutory summary judgment that Murphy wants reviewed. Nearly three months later, on January 11, 2024, Murphy filed a notice of appeal. Had the October 16, 2023 summary judgment been an appealable-as-of-right interlocutory order, Murphy's notice of appeal would have been incurably late. *See* Tex. R. App. P. 26.1(b) (providing twenty-day deadline); 26.3 (providing fifteen-day grace period).

By clerk's letter, on January 17, 2024, we questioned whether we had jurisdiction to review the trial court's October 16, 2023 interlocutory summary judgment. We asked Murphy to explain why the appeal should be continued.

On March 1, 2024, we received an amended summary judgment—signed by the trial court on February 20, 2024—in which the trial court granted Murphy

2

permission to file an interlocutory appeal under Section 28.3 of the Texas Rules of Appellate Procedure. So, on March 4, 2024, by clerk's letter, we indicated that we would dismiss Murphy's appeal unless he filed a petition for permissive appeal by March 8, 2024. On Friday, March 8, 2024, Murphy filed his petition for permissive appeal. *See* Tex. R. App. P. 28.3(d) (allowing a fifteen-day grace period for filing a petition).[1]

## II. DISCUSSION

The issue that Murphy wants reviewed is whether the Texas Home Solicitation Act (THSA) applies to the transaction between him and the Harrises. *See* Tex. Bus. & Com. Code Ann. §§ 601.001–.205 (Cancellation of Certain Consumer Transactions); *In re Olshan Found. Repair Co.*, 328 S.W.3d 883, 897–98 (Tex. 2010) (orig. proceeding) (referring to the act as the Texas Home Solicitation Act). Resolving this issue would require construing Section 601.002 of the Act.[2] *See* Tex. Bus. & Com. Code Ann.

---

[1]The deadline for filing a permissive appeal was Wednesday, March 6, 2024. *See* Tex. R. App. P. 28.3(c). Murphy missed this deadline. To take advantage of the fifteen-day grace period, an appellant must file a petition and a motion to extend time within the fifteen-day window. *See* Tex. R. App. P. 28.3(d)(1), (2). Here, within that window, Murphy filed a petition but not a motion to extend time. For purposes of this opinion, we assume that *Verburgt v. Dorner* applies. *See* 959 S.W.2d 615, 617 (Tex. 1997) (holding a motion to extend time is implied when an appellant files a notice of appeal within the fifteen-day grace period but not an accompanying motion to extend time).

[2]Murphy's petition does not make a single citation to the Texas Business and Commerce Code. Presumably he was saving that information for his appellate brief. *See* Tex. R. App. P. 28.3(k) (providing that when an appellate court grants a permissive

§ 601.002 ("Applicability of Chapter; Exception"). Paraphrasing Murphy's arguments, he contends that the THSA was designed to prevent unscrupulous merchants from taking advantage of consumers through high-pressure tactics in the consumer's home or some location other than the merchant's place of business. Here, according to Murphy, there were no high-pressure tactics but a prolonged negotiation. Murphy contends that the Harrises have turned the THSA on its head to take advantage of him. Specifically, Murphy asserts that the Harrises waited until after he had completed the contracted work before complaining about the lack of a three-day revocation notice and then refused to pay the balance owed under the contract. Whether the Harrises have turned the THSA from a consumer shield to a consumer sword is the issue. The question before us is whether to address Murphy's arguments in an interlocutory appeal in this instance. We decline to do so.

## A. Applicable Law

The statute governing permissive interlocutory appeals is Section 51.014(d) of the Texas Civil Practice and Remedies Code. Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d). A permissive appeal must meet two requirements: "(1) the order to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion; and (2) an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Id.* § 51.014(d)(1), (2).

interlocutory appeal, the rules governing accelerated appeals apply, which would include briefing deadlines).

4

Appellate courts have no discretion to permit or accept an appeal if the two requirements are not met. *Indus. Specialists, LLC v. Blanchard Refin. Co. LLC*, 652 S.W.3d 11, 16 (Tex. 2022). But if the two requirements are met, Section 51.014(d) "then grants courts vast—indeed, unfettered—discretion to accept or permit the appeal." *Id.*; *Sabre Travel Int'l, Ltd. v. Deutsche Lufthansa AG*, 567 S.W.3d 725, 732 (Tex. 2019). When denying a petition for permissive appeal, a court must explain its reasoning. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(g).

## B. Murphy's Permissive Appeal

Murphy's permissive appeal fails on both statutory and discretionary grounds because (1) it will not materially advance the termination of the litigation and (2) it contravenes laches principles.

### 1. Will Not Materially Advance Ultimate Termination of Litigation

An interlocutory appeal will not materially advance the ultimate termination of the litigation. More than five months have passed since the trial court signed the October 16, 2023 summary judgment. Assuming this had been an as-of-right interlocutory appeal, that is, one expressly authorized by statute, the record would have been due ten days after Murphy perfected the appeal. *See* Tex. R. App. P. 35.1(b). Murphy attempted to perfect such an interlocutory appeal in January 2024. It is now April 2024, and Murphy still has not filed a clerk's record.

5

Had Murphy acted promptly in October 2023, an accelerated appeal could have potentially been decided by now. Instead, only now are we addressing when the record and the briefs must be filed.

Plus, for better or worse, the October 2023 summary judgment narrowed the issues for trial considerably. The parties have not informed us of when—or even whether—this case is set for trial. Enough time has passed that, if not impeded by Murphy's initial attempt at an interlocutory appeal, the parties could have potentially already had a trial and a final, appealable judgment. This would have rendered the need for an interlocutory appeal moot.

And now that Murphy has belatedly shifted his focus to a permissive interlocutory appeal, the trial court has stayed all trial proceedings while we decide Murphy's permissive appeal. At this juncture, a permissive interlocutory appeal would have the effect of further prolonging the litigation, not shortening it.

## 2. Laches

Additionally, a permissive interlocutory appeal is an accelerated proceeding. *See* Tex. R. App. P. 28.3(k). When we are asked to act promptly, and when a party asks to cut in line in front of other parties, we look to see whether the party requesting prompt action has itself acted promptly. Here, Murphy has not acted promptly. He waited about five months to get permission to appeal.[3]

---

[3]And, as noted earlier, after getting permission, he filed his petition late but, admittedly, still within the fifteen-day grace period.

"Laches" has been defined as "[n]egligence, consisting in the omission of something which a party might do, and might reasonably be expected to do, towards the vindication or enforcement of his rights." *McCauley v. N. Tex. Traction Co.*, 21 S.W.2d 309, 313 (Tex. App.—Fort Worth 1929, writ dism'd w.o.j.) (quoting *Laches*, Black's Law Dictionary (2d ed. 1910)). "Laches" is "generally the synonym of 'remissness[,]' 'dilatoriness[,]' 'unreasonable or unexcused delay[,]' the opposite of 'vigilance[.']" *Id.* (same). It means "a want of activity and diligence in making a claim or moving for the enforcement of a right (particularly in equity) which will afford ground for presuming against it, or for refusing relief, where that is discretionary with the court." *Id.* (same).[4]

Murphy has already unnecessarily prolonged the appellate process—in addition to the overall litigation—by five months. After doing so, he now asks us to entertain an accelerated appeal. An accelerated appeal for Murphy will delay the appeals of countless other appellants—appellants who may have prosecuted their appeals with more diligence than Murphy. In short, Murphy has not sufficiently made his case for an accelerated interlocutory appeal.

---

[4]The current edition of Black's Law Dictionary defines "laches" as

1. Unreasonable delay in pursuing a right or claim—almost always an equitable one—in a way that prejudices the party against whom relief is sought. . . . 2. The equitable doctrine by which a court denies relief to a claimant who has unreasonably delayed in asserting the claim, when that delay has prejudiced the party against whom relief is sought.

*Laches*, Black's Law Dictionary (11th ed. 2019).

7

## C. Holding

We hold that Murphy has not met the second requirement of Section 51.014(d) and that even if he had, we would deny his petition due to laches.

## III. CONCLUSION

We deny Murphy's petition for permissive appeal.

To the extent that Murphy attempted to otherwise invoke our appellate jurisdiction with his January 11, 2024 notice of appeal, we hold that the order he attempted to appeal was interlocutory and therefore dismiss such an attempt for want of jurisdiction.

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered: April 18, 2024