### D. D. Fox v. T. N. Jones.

(No. 3305.)

APPEAL from Smith County.  Opinion by WHITE, P. J.

WHITE & EDWARDS, counsel for appellants.

WHITTAKER & BONNER, counsel for appellee.

§ 29. *Attorney at law; liability of for negligence; petition in suit against held sufficient.*  Fox sued Jones, as

an attorney at law, to recover of him the amount due on a promissory note placed in his hands and accepted by him for collection September 15, 1886, and then lacking fifteen or sixteen days of being barred by the statute of limitations of four years. Jones failed to collect or return the note to Fox. In substance, the cause of action, as alleged in plaintiff's original petition filed September 29, 1888, and in his amended petition filed May 22, 1889, is that at the time the plaintiff delivered the note to Jones the note was a valid and subsisting obligation against the payors; that plaintiff instructed the defendant to bring suit upon the same forthwith; that the obligors of the note were at that time solvent; that defendant wholly failed and neglected to bring suit or to collect said note or any part thereof; that the same has long since become barred by the statute of limitations; that the payors have become insolvent, and that defendant has never returned said note to plaintiff, nor accounted to him for the same; that by the gross negligence of defendant, as aforesaid, the value of the note has been wholly lost to plaintiff, and he therefore sues for the full amount of principal and interest due thereon, etc. General and special exceptions were sustained to both the original and amended petitions and the suit dismissed at plaintiff's cost. *Held*, that both petitions stated a good cause of action as against a general demurrer. "An attorney is responsible to his client only for want of ordinary skill, ordinary care and reasonable diligence, and the skill required has reference to the character of the business he has undertaken to do. If an attorney disobeys express lawful instructions of his client, if he negligently fails to bring suit, he will be responsible for any loss resulting therefrom. . . . The attorney is held to the exercise of reasonable care and diligence, and the want of either constitutes gross negligence and will fasten liability upon him. [1 Amer. & Eng. Enc. Law, pp. 961, 962; Oldham v. Sparks, 28 Tex. 425.]

§ **30.** *Statute of limitations; when it begins to run.* Defendant set up, as a special exception to plaintiff's petitions, that they showed that the cause of action against defendant at the time the suit was instituted was barred by the statute of limitations of two years; that the note was delivered to defendant for collection September 15, 1886, and that the original petition was not filed until more than two years thereafter, to wit, on September 29, 1888. *Held,* no cause of action for failure and neglect to collect inured to plaintiff against defendant until after the note became barred by limitation, which was on the 1st of October, 1886; and, this suit having been brought within two years from that date, the action was not barred. The statute begins to run from the time of the breach of professional duty. [Moore v. Juvenal, 92 Pa. St. 484; Machine Works v. Reigor, 64 Tex. 89.]

November 30, 1889.        Reversed and remanded.