### KRUEGEL v. PORTER.†

(Court of Civil Appeals of Texas. April 1, 1911. Rehearing Denied April 22, 1911.)

1. PLEADING (§ 193*)—DEMURRER—GROUNDS —BREACH OF CONTRACT—DAMAGES.

The petition in an action against an attorney for damages for breach of a contract to prosecute certain suits, which petition on its face showed a cause of action for the recovery of some amount, is not demurrable as setting up damages too remote and speculative, and dependent on too many contingencies to be recovered in law.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 193.*]

2. PLEADING (§ 214*) — DEMURRER — ADMISSIONS.

A petition must be tested on demurrer solely by its allegations, which for the purposes of the demurrer must be taken as true.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 525–534; Dec. Dig. § 214.*]

3. NEW TRIAL (§ 166*)—PROCEEDINGS—PETITION AFTER TERM OF COURT—NATURE OF PROCEEDINGS.

The district courts in the exercise of their equitable powers may, on application for a new trial made subsequent to the term at which the judgment complained of was obtained, reopen the case, and by a re-examination of it on its merits grant such relief as equity and justice may demand; the proceeding being treated as one in the nature of an original suit in equity.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. § 246; Dec. Dig. § 166.*]

4. NEW TRIAL (§ 5*)—EXISTENCE OF OTHER REMEDY—APPEAL.

Where plaintiff's motion to set aside a judgment of dismissal of his suit for want of prosecution was passed at defendant's instance by the special judge presiding, and immediately thereafter the regular judge took the bench, adjourned court, and soon after died, plaintiff was entitled to a new trial; that he failed to appeal from the judgment being immaterial, since an appeal without notice, which he was deprived of giving by lack of a presiding judge, would have been unavailing.

[Ed. Note.—For other cases, see New Trial, Dec. Dig. § 5.*]

5. LIMITATION OF ACTIONS (§ 46*)—ACCRUAL OF RIGHT OF ACTION—BREACH OF CONTRACT.

In an action against an attorney for breach of a contract to faithfully prosecute certain suits for plaintiff, limitation did not begin to run until the suits were tried and determined.

[Ed. Note.—For other cases, see Limitation of Actions, Dec. Dig. § 46.*]

6. LIMITATION OF ACTIONS (§ 180*)—DEMURRER RAISING DEFENSE.

Where it did not appear by the allegations of the petition that the alleged cause of action was barred by the statute of limitations, it was error to sustain an exception to the petition on that ground.

[Ed. Note.—For other cases, see Limitation of Actions, Dec. Dig. § 180.*]

Bookhout, J., dissenting.

Appeal from District Court, Dallas County; Kenneth Force, Judge.

Action by Herman Kruegel against R. C. Porter. There was a judgment dismissing the suit, and plaintiff appeals. Reversed and remanded.

Herman Kruegel, for appellant. R. C. Porter, for appellee.

TALBOT, J. The petition in this proceeding, omitting formal parts, is as follows:

"Your petitioner, Herman Kruegel, residing in the city and county of Dallas, state of Texas, hereinafter styled plaintiff, in his own proper person and behalf, complains of R. C. Porter of the same place, hereinafter styled defendant, and for cause of action and complaint against him respectfully shows to the court as follows, to wit:

"That this is a bill of review or suit for new trial to set aside a judgment of dismissal rendered against plaintiff on June 8th by accident or mistake in this court in a case of the same style, numbered 24,178, filed therein on December 13, 1904, which case presented a good, legal, valid, and meritorious cause of action and was at a previous term, to wit, the May term of 1908 of this court dismissed for want of prosecution in plaintiff's absence and without his fault, when plaintiff was, in fact, eager and ever ready to prosecute said case to final termination, and was by a peculiar and irregular action or accident of the court misled, and did not know that said case had at all been assigned on said May term of said court. And that it has always been the custom and practice of this court, and it is by law required, that all cases assigned for trial are assigned in their numerical order, unless for good cause by special agreement, etc., and that he has as many as four or more other cases on the jury docket of this court ranging along that number, among them Nos. 22,356, 22,634, 23,490, and 278, in which he is also plaintiff, and which should have also been in their numerical order close to each other on the same assignment with this case No. 24,178, if the latter belonged thereon; and, when the jury assignment of the May term was published in Dallas daily papers plaintiff specially looked for, where said cases appeared close together, but failed to see any of them on said assignment in which he was plaintiff, but found on said assignment No. 1,120 in which he was a defendant, and charged his memory with it. And plaintiff did not know that the case No. 24,178 against R. C. Porter was in fact on said assignment until

after he saw in the Dallas evening paper of June 8, 1008, that the case had been dismissed for want of prosecution by Judge Scott, special judge. Plaintiff at once on the next day, to' wit, June 9, 1908, filed his motion to set aside the judgment of dismissal and to reinstate his said case on the grounds aforesaid; 'and, when the motion was called, plaintiff was ready for hearing of same, but defendant R. C. Porter, who was present and is a lawyer, asked the court to pass the motion, stating that his counsel J. C. Muse was at that time engaged in the trial of another case in another court. The motion was accordingly passed, and which was the last official act done during said term in said case or in any other case. Judge Scott there and then in substance announced he had just been notified that Judge Nash (the regular judge) would at once take or assume the bench, and Judge Nash did at' once do so, and also at once adjourned the court, and soon after died; and said court was never again convened or opened for business during said term, and the court's minutes for said term were by the sudden and abrupt action of Judge Nash never signed by either Judge Nash, the regular judge, or by Judge Scott, the special judge, who did all that was done during said term. And plaintiff has good reasons to believe, and so believing avers, that all the actions of this court during said term are without signing. up the minutes before beginning a new term invalid, null, and void, including plaintiff's said judgment of dismissal for want of prosecution; and plaintiff's said case should be reinstated as a matter of law. And because plaintiff has, as aforesaid, without his fault, by accident, been deprived of a hearing of his said motion to reinstate his case, etc., plaintiff's said case should be reinstated, and reopened as a matter of equity and justice.

"Wherefore, plaintiff sues now at a subsequent term for to set aside the judgment of dismissal, and to reinstate his said case, and for a judgment on its merits; and for cause of action and complaint against defendant Porter further pleads as follows, to wit: That defendant is now and was on December 15, 1900, and a long time before, a practicing attorney at law in the city of Dallas, and that on said day, by a certain agreement then made and entered into in writing between plaintiff and defendant, duly signed in duplicate, it was agreed and understood that defendant as an attorney at law and counsel for plaintiff should and would conduct and prosecute to a final termination for plaintiff two certain suits at law, theretofore prepared and filed by plaintiff in his own proper person, in behalf of himself and wife, in the Forty-Fourth district court, Dallas county, Tex. Said suits were on the docket of said court numbered and styled respectively, viz., No. 18,117, Herman Kruegel et ux. v. Ben E. Cabell, Sheriff,

et al., and No. 19,937, Herman Kruegel et ux. v. Reinhardt Nitschman et al., and both of said suits as pleaded by plaintiff' presented each a good, legal, valid, and meritorious cause of action, and the damages sustained and sued on by plaintiff in each suit were not less, but a great deal more, than $5,000 actual damages and $5,000 exemplary damages. The record and papers in both cases have since mysteriously disappeared or been made away with in a manner unknown to plaintiff, so they cannot be found, and, as plaintiff believes, purposely, by concerted action for a fraudulent purpose.

"The causes of action for damages in said two suits were in substance based on a willful, malicious, and reckless, wrongful, and unlawful invasion of, and. trespass on, plaintiff's homestead property, and malicious and mischievous wrongful and unlawful destruction of plaintiff's property. or improvements thereon, under and by virtue of a pretended writ of possession of an easement, maliciously, wrongfully, and unlawfully sued out under an erroneous, invalid, illegal, void, and dormant judgment rendered in Fourteenth district court in case No. 12,930, Reinhardt Nitschman v. Herman Kruegel et al. And plaintiff in consideration of the aforesaid professional legal services to be performed by defendant as such · attorney and counsel on said 15th day of December, 1900, executed and delivered to defendant his certain promissory note of $175, made payable to the order of the defendant on or before June 1, 1901, with 7 per cent. interest per annum from said date. · A ·true and correct copy of aforesaid agreement marked 'Exhibit A,' hereto annexed, is prayed to be made and considered a part of this petition and complaint. And plaintiff relied upon the integrity and honesty of said defendant as such counsel and attorney in good faith as therein agreed and expressed and of him required by law.

"And plaintiff further shows that he, plaintiff, has in every respect fully complied with his part of the agreement, and has in due time, and before June 1, 1901, personally paid off said note in full of all demands while said two cases or suits were still pending in said court untried. And plaintiff now complains that defendant had accepted plaintiff's said note and money without giving or intending to give value received therefor, and has willfully or negligently, recklessly, fraudulently, wrongfully, and. unlawfully committed a breach of contract in these premises, in that he has collusively with plaintiff's adversaries willfully and treacherously or otherwise wholly failed to prosecute said case in good faith with proper care to the best of his ordinary skill and ability in the aforesaid Forty-Fourth district court to good effect and success, when he could have done so, and has failed to make use of all the law and principles of

law known to him and pointed out to him, and relied on by plaintiff as applicable to and controlling the said cases, and he has wholly failed to carry and prosecute said cases to final termination to the appellate courts of the country as originally intended and agreed by and between plaintiff and defendant in and by aforesaid agreement, when he could and should have done so. And by reason of which breach of contract, collusion, deception, treachery, and gross negligence or otherwise of defendant's failure and refusal to urge and apply all the law applicable to said cases in said Forty-Fourth district court, known to him, and by reason of other undue influence and reversible errors of said trial court, said cases were in said Forty-Fourth district court erroneously or otherwise unjustly decided against plaintiff; and by the failure and refusal of said defendant to carry and further prosecute said cases on appeal or writ of error to the appellate courts of the country for revision and correction of the errors committed on trial in said Forty-Fourth district court for final termination as agreed, which would there have been reversed and remanded, and on new trial in the court below said two cases would have been decided in favor of plaintiff, and plaintiff would have recovered judgment for the amount sued for in said two suits. And that the defendants in said two suits were solvent, and the judgments therein could have been collected; and plaintiff lost and has been actually damaged by the defendant herein the amount of money sued for in said two suits, to wit, $20,000, in actual damages.

"Plaintiff further shows to the court that by reason of the wrongful and unlawful matters and acts, nonfeasance and misfeasance of duty, of this defendant as heretofore alleged and complained of by plaintiff were willfully done or by gross negligence and deception in utter disregard of plaintiff's rights and future consequences, by which plaintiff has been seriously and pecuniarily damaged, and has made himself liable to the law, and plaintiff asks a further sum of $10,000 as exemplary damages to serve as a punishment to said defendant as a lawyer, and as a warning to deter other lawyers from following a like practice, and especially to encourage uprightness and honorable dealing between principal and agent, lawyer and client, and purity in the courts of the country.

"Wherefore, plaintiff sues and prays that defendant, R. C. Porter, be cited to appear and answer this petition in terms of law, and that upon final hearing plaintiff have judgment against defendant in the sum of $20,000, actual damages, and a further sum of $10,000 exemplary damages, and for all costs of this suit, and such other general and special relief as he may be in law entitled to."

The contract upon which plaintiff's suit is based was attached to his petition, and made a part thereof. To this petition the defendant interposed, first, a general demurrer; second, special demurrer to the effect that the damages set up and sought to be recovered were too remote and speculative, and depending upon too many contingencies to be recovered in law; third, special demurrer to the effect that plaintiff's petition which he alleges is a bill of review cannot be maintained because the plaintiff failed to appeal said original case to the Court of Civil Appeals; fourth, special demurrer to the effect that the original suit instituted by plaintiff against the defendant was barred by limitation long prior to the issuance of service, which suit was filed on the 13th day of December, 1904; that citation was not issued therein in said cause until the 17th day of April, 1907; that the bar of limitation had then been completed for nearly 2½ years prior to the time of issuance of citation. The trial court sustained the general and special demurrers of the defendant, and, plaintiff declining to amend, the suit was dismissed. From this judgment the plaintiff appealed, and by his assignments of error challenges the correctness of the court's ruling on the demurrers.

[1, 2] 1. We think the assignments must be sustained. The petition was not in our opinion obnoxious to either of the demurrers. Whether it was or not must be tested solely by its allegations, which for the purposes of the demurrers must be taken as true. Upon the face of the petition a cause of action is shown for the recovery of some amount. There may be an element of remote and speculative damages sought to be recovered, which, of course, should not be allowed, but, aside from such damages, the allegations are sufficient to warrant a recovery, if supported on a trial by competent proof, of all such actual damages that resulted to plaintiff as a natural or legal sequence from a breach of the contract alleged. That the allegations, though general, show that plaintiff probably sustained such an element of damages in some amount, we think cannot well be questioned. It will be observed that neither of the special demurrers charge that the allegations of the petition are too indefinite or uncertain as to the elements of actual damages sought to be recovered. The complaint is simply that the damages set up are too remote and speculative and depend upon too many contingencies to be recovered in law.

[3] 2. As to the contention of appellee that plaintiff cannot maintain this proceeding to set aside the judgment dismissing his suit, and for a new trial thereof, because he failed to appeal from said judgment of dismissal, it may be said that neither plaintiff's original nor his supplemental petition herein shows that no appeal was taken from said judgment; but, if it be conceded that plaintiff's pleadings do show that no appeal was prose-

cuted from said judgment of dismissal, still the demurrer presenting this matter, we think, should not have been sustained. The district courts of this state in the exercise of their equitable powers may upon application for a new trial made subsequent to the term at which the judgment complained of was obtained reopen the case, and by a reexamination of it on its merits grant such relief as equity and justice may demand. The proceeding may be treated as one in the nature of an original suit in equity, and whatever would be the subject of equitable cognizance would be of like cognizance in a suit for a new trial. Overton v. Blum, 50 Tex. 417; McMurray v. McMurray, 67 Tex. 665, 4 S. W. 357; Kruegel v. Cobb, 124 S. W. 723.

[4] The allegations of plaintiff's petition in this case, as set out in the former part of this opinion, which need not be repeated here, are sufficient to warrant the interposition of the equitable powers of the district court, and to authorize that court, in the exercise of such powers, to grant the appellant a new trial and hearing of his cause on the merits. In reaching this conclusion, we have not been unmindful of the general rule that a party must ordinarily exhaust his legal remedies before he can invoke the aid of a court of equity for redress. We hold that plaintiff's petition shows that he was deprived of a hearing of his motion to reinstate his case in the district court without such fault or neglect on his part as would preclude him from obtaining such relief, and that the grounds set up in said motion, if true, are sufficient to entitle him· to the reinstatement of said cause. The passing of his motion at the instance of the defendant and the sickness and death of Judge Nash resulted in plaintiff being deprived during the term of the court of an opportunity either to have said motion passed upon or to give notice of appeal. Without such notice an appeal would have been dismissed by the appellate court, and profited him nothing. An appeal by writ of error would also have been unavailing. At no time, according to the allegations of plaintiff's petition, during the term of the court at which his original suit was dismissed and his motion to reinstate the same was filed, was there a judge to preside over the court; and hence no such record could have been prepared showing the facts upon which appellant relies for the relief sought as would have entitled him to a reversal on writ of error. In this attitude of the case we think plaintiff had no adequate remedy at law, and that his only recourse was to invoke the equitable powers of the court.

[5] 3. In reference to the claim that plaintiff failed to have citation issued for more than two years after the filing of his original suit, and that his cause of action, if any he had, was barred by the statute of limitation, before the issuance of citation, it is sufficient to say that limitation did not begin to run until the alleged breach of contract occurred, which was, if at all, when plaintiff's suits against Cabell and Nitschman, for the prosecution of which the services of the defendant were engaged, were tried and determined in the district court, and plaintiff's petition does not show upon its face the date of such trial and determination, nor the date of the issuance of the citation in said original suit.

[6] It not appearing by the allegations of his petition that his alleged cause of action was barred by the statute of limitation, it was error to sustain the exception to said petition on that ground.

The judgment of the court below is reversed, and the cause remanded.

BOOKHOUT, J. I regret that I am compelled to dissent from the views of my Brethren as expressed in the majority opinion.

The plaintiff alleged a breach of contract on the part of the defendant, in substance, that "he negligently, unlawfully, and willfully colluded with plaintiff's adversaries, and willfully and treacherously or otherwise" wholly failed to prosecute the suits in the trial court in good faith and proper care, and that he failed to prosecute an appeal from the judgments of the district court. He alleges his damages in the amount sued for by him in said two suits, to wit, $20,000, actual damages. This is the only measure of recovery for actual damages sought in the petition. Porter's failure to prosecute the causes in the district court in good faith or his failure to prosecute an appeal, if he did fail in these respects, gave Kruegel a cause of action for the damages he sustained thereby. But he could only recover the damages which he sustained, which are measured by the rule of compensation. He was not entitled to recover the amount pleaded by him in the suits in which the breach of contract arose. Damages to be recovered must be both natural and proximate consequences of the act complained of. Brandon v. Manufacturing Co., 51 Tex. 128; Waco Water Co. v. Sanford, 1 White & W. Civ. Cas. Ct. App. (Tex.) §§ 193, 195. The damages sought to be recovered were not in the opinion of the writer the natural and proximate result of the breach of the contract. Travis v. Duffau, 20 Tex. 50; Girard v. Moore, 86 Tex. 676, 26 S. W. 945; Salado College v. Davis, 47 Tex. 131.

The court having sustained the special exception to the petition and the plaintiff having declined to amend, there was no error in sustaining the general demurrer and dismissing the cause. The petition being insufficient to authorize a recovery of actual damages, none could be had for exemplary damages.

In my opinion the judgment of the trial court is correct, and should be affirmed.