**Walter E. COX, Appellant,**

v.

**W. James ROSSER, Appellee.**

No. 5275.

Court of Civil Appeals of Texas, Eastland.

March 15, 1979.

Rehearing Denied April 5, 1979.

Timothy E. Kelley, Dallas, for appellant.

Charles R. Griggs, Sweetwater, for appellee.

RALEIGH BROWN, Justice.

This is a legal malpractice case. Walter E. Cox alleged that W. James Rosser, an attorney employed by him, was negligent in failing to include in a deed from Cox to a third party, Joplin, an express lien to protect Cox. He further alleged that Rosser was negligent when he did not make Kimball, Inc. a party to the suit in which a partial foreclosure of a deed of trust was obtained on behalf of Cox and against Jop-

lin. Rosser's motion for summary judgment that Cox take nothing was granted. Cox appeals. We affirm.

Cox and Joplin were partners in the grocery business. On March 16, 1973, they purchased from Leslie N. Brown two grocery stores, one in Snyder, Texas and another in Big Spring, Texas. Both parties executed a deed of trust securing the payment of a $33,000 purchase money note covering both grocery stores.

On March 27, 1974, the partnership was dissolved. Under the dissolution agreement, Joplin assumed the operation of the Big Spring store; Cox, the Snyder store. Each assumed the accounts receivable and payable of the business acquired. Each assumed payment of one-half of the note payable to Brown and one-half the balance due to Kimball, Inc., a wholesale grocer.

Cox and wife on September 10, 1974, executed a deed, prepared by Rosser, conveying the Big Spring property to Joplin. No express lien was retained in the deed to secure payment by Joplin to Brown of his assumed one-half of the purchase money debt, but the assumption of that payment is expressed in the deed. It was Rosser's failure to include an express lien to protect Cox in this deed that Cox alleges as one of the acts of negligence by Rosser.

On October 9, 1974, Joplin and his wife executed a deed of trust covering the Big Spring property securing payment of a note to Kimball, Inc. dated October 4, 1974, in the principal sum of $22,346.25. The note recites that it is "comprised of the principal balance of $18,530.50 due on a note dated March 10, 1973, said note signed by Bob F. Joplin and Walter E. Cox plus accrued interest to date in the amount of $322.94, plus open account balance in the amount of $3,492.81."

Joplin defaulted on his share of payments of the purchase money debt to Brown, as well as for taxes which were unpaid and accrued by the Big Spring property. On February 21, 1975, Cox recovered a money judgment against Joplin in the amount of $3,293.41 which represented the payments that Cox had made on behalf of Joplin

against the purchase money debt to Brown as well as for the taxes. The judgment decreed the foreclosure by Cox of his deed of trust lien against the Howard County property, being a partial foreclosure of the Brown deed of trust. The property was bought by Cox on May 6, 1975, at the subsequent sheriff's sale. Cox contends that Rosser was negligent in not making Kimball, Inc. a party to the suit and the resulting partial foreclosure of the Brown deed of trust because on his purchase of the property there were two superior liens which were worth more than the fair market value of the property.

Leslie Brown foreclosed on his deed of trust on the Big Spring property and on August 3, 1976, bought it at public sale for $10,950.

In this suit, which was filed April 18, 1977, Cox contends that had Rosser included the express lien in the deed and subsequently had he joined Kimball, Inc. in the lawsuit against Joplin, Cox would have been in the position to own the property without being subject to the Kimball, Inc. lien.

■ Rosser challenges the jurisdiction of this court to entertain this appeal because of the failure of Cox to timely complete his cash deposit in lieu of cost bond with the clerk of the trial court.

Summary judgment was entered in the instant case on September 20, 1978. A receipt issued by the district clerk shows that the cost deposit was received on October 16, 1978. However, the certificate of the clerk as to cash deposit in lieu of appeal bond was not executed until October 31, 1978.

Rule 354(a), T.R.C.P., in part provides: In lieu of a bond, appellant may deposit with the clerk cash in an amount determined by the clerk to be sufficient to cover the estimated costs in the trial court and the cost of the statement of facts and transcript, less such sums as have been paid by appellant on the costs, and in that event the clerk shall file among the papers his certificate showing that the deposit has been made and copy same in the transcript, and *this shall have*

*the force and effect of an appeal bond. . . .* (Emphasis added)

Rosser argues that the execution of the clerk's certificate is a necessary part of the making of a cash deposit and it is necessary that this be accomplished timely. He urges that only until a determination by the clerk of the amount of cash necessary has been made, a deposit of that cash amount by the appellant with the clerk, and the filing by the clerk of his certificate showing that the deposit has been made will "have the force and effect of an appeal bond." Since the certificate of the clerk was not executed prior to the expiration of thirty days after the rendition of judgment, Rosser contends it was not timely and thus, this court has no jurisdiction of the appeal citing Rule 356, T.R.C.P. We disagree.

Rule 354, T.R.C.P., provides the procedure for making an appeal bond or a deposit in lieu thereof. Rule 356, T.R.C.P., provides the time for filing a cost bond or making a deposit of cash or making an affidavit in lieu of bond. This rule in part states:

Whenever a bond for costs on appeal is required, the bond shall be filed with the clerk within thirty days after rendition of judgment or order overruling motion for new trial, or after motion for new trial is overruled by operation of law. *If a deposit of cash is made in lieu of bond the same shall be made within the same period.* (Emphasis ours)

We hold this rule requires the deposit of cash within thirty days after rendition of judgment and does not require the certification of such deposit by the clerk within such period. In the case at bar, the cash deposit was timely made, thus this court has jurisdiction.

Rosser urges that Cox's cause of action was barred by the two-year statute of limitations, Article 5526, Tex.Rev.Civ.Stat.Ann. Cox does not challenge the appropriateness of such statute. *Atkins v. Crosland,* 417 S.W.2d 150 (Tex.1967). To support the granting of a summary judgment based on limitations, the court in *Zale Corporation v. Rosenbaum,* 520 S.W.2d 889 (Tex.1975) said:

When summary judgment is sought on the basis that limitations have expired, it is the movant's burden to conclusively establish the bar of limitations. . . .

This court in *Crawford v. Davis,* 148 S.W.2d 905 (Tex.Civ.App.—Eastland 1941, no writ) considered the problem of limitation as it applies to a legal malpractice case and stated the rule which had traditionally applied to malpractice actions against attorneys in Texas in the absence of fraud to be:

Corpus Juris says: "Where an attorney-at-law is guilty of negligence or breach of duty in performing services for his client, the client's cause of action accrues and the statute [of limitations] begins to run at the time when the negligence or breach of duty occurs, not at the time when it is discovered, or actual damage results or is fully ascertained." 37 C.J. p. 830, sec. 179. See also *Fox v. Jones,* 4 Willson Civ.Cas.Ct.App. § 29, 14 S.W. 1007; *Kruegel v. Porter,* Tex.Civ.App., 136 S.W. 801, affirmed, 106 Tex. 29, 155 S.W. 174; *Thompson v. Barnard et al.,* Tex.Civ.App., 142 S.W.2d 238.

Our Supreme Court in *Atkins v. Crosland,* 417 S.W.2d 150 (Tex.1967) disapproved the foregoing language in *Crawford* to the extent it was in conflict with their opinion and said:

The general rule is that a cause of action sounding in tort accrues, in the absence of a statute to the contrary or fraudulent concealment, when the tort is committed. This rule obtains notwithstanding the fact that the damages, or their extent, are not ascertainable until a later date. *Quinn v. Press,* 135 Tex. 60, 140 S.W.2d 438, 128 A.L.R. 757 (1940); *Blondeau v. Sommer,* 139 S.W.2d 223 (Tex.Civ.App.1940, writ ref'd); 54 C.J.S. Limitations of Actions § 168, p. 123; 34 Am.Jur. Limitations of Actions, § 160, pp. 126–127; 37 Tex.Jur.2d Limitations of Actions § 62, pp. 184–185. A legal injury must be sustained, of course, before a cause of action arises. It is said in 34 Am.Jur. Limitations of Actions § 160, p. 126:

"As regards the running of the statute of limitations applicable to torts, a cause of action accrues only when the force wrongfully put in motion produces the injury, the invasion of personal or property rights accruing at that time." (citing the *Quinn* case, supra.)

And see *Houston-American Finance Corp. v. Travis,* 343 S.W.2d 323 (Tex.Civ.App. 1960, writ ref'd n. r. e.). A helpful and often quoted test for determining when the cause of action accrues is found in 54 C.J.S. Limitations of Actions § 168, pp. 122–123:

"The test to determine when the statute of limitations begins to run against an action sounding in tort is whether the act causing the damage does or does not of itself constitute a legal injury, that is, an injury giving rise to a cause of action because it is an invasion of some right of plaintiff. If the act is of itself not unlawful in this sense, and plaintiff sues to recover damages subsequently accruing from, and consequent on, the act, the cause of action accrues, and the statute begins to run, when, and only when, the damages are sustained; and this is true although at the time the act is done it is apparent that injury will inevitably result.

"If, however, the act of which the injury is the natural sequence is of itself a legal injury to plaintiff, a completed wrong, the cause of action accrues and the statute begins to run from the time the act is committed, even where little, if any, actual damage occurs immediately on commission of the tort * *."

See *Tennessee Gas Transmission Co. v. Fromme,* 153 Tex. 352, 269 S.W.2d 336 (1954).

■ In order to determine whether the two-year statute of limitations has run in the instant case, we must determine when the cause of action arose. The foundations of Cox's complaint in this tort action are the failures and omissions on the part of Rosser that permitted the Kimball lien to attain superiority over any lien of Cox; this by failing to include in the conveyance from Cox to Joplin a lien to secure the indebtedness assumed by Joplin and by failing to name Kimball, Inc. as a party to the Cox-Joplin lawsuit.

If Cox has sustained legal injury because of the alleged negligent acts of Rosser more than two years prior to April 18, 1977, limitations have run. *Tennessee Gas Transmission Co. v. Fromme,* 153 Tex. 352, 269 S.W.2d 336 (1954).

When Kimball, Inc. secured and filed for record its deed of trust from Joplin covering the Big Spring property, Cox sustained his legal injury resulting from the omission of his lien in the deed from Cox to Joplin. From that time, Kimball's lien was superior to any lien claim of Cox and thus Cox was damaged by the subordination of any lien claim of his to that of Kimball, Inc. The deed of trust was executed on October 9, 1974, and filed for record October 21, 1974.

At the time the Cox-Joplin lawsuit was filed, the Kimball, Inc. deed of trust was on file. Any lien claim of Cox was at that time inferior to the Kimball lien. Cox had sustained his legal injury and limitations had begun to run. Even the judgment in the Cox-Joplin lawsuit was entered on February 21, 1975.

The instant case was not filed until April 18, 1977. The trial court was correct in granting Rosser's motion for summary judgment based on the two-year statute of limitations unless the "discovery rule" applies.

The "discovery rule" has been applied in a limited fashion in Texas. It has been applied to toll limitations in medical malpractice cases. *Gaddis v. Smith,* 417 S.W.2d 577 (Tex.1967); *Hays v. Hall,* 488 S.W.2d 412 (Tex.1972). It has also been applied in fraud cases, *Ellison v. McGlaun,* 482 S.W.2d 304 (Tex.Civ.App.—Amarillo 1972, writ ref'd n. r. e.), and in some defamation cases. *Kelley v. Rinkle,* 532 S.W.2d 947 (Tex.1976).

Considering the application of statutes of limitations and the "discovery rule," the court in *Robinson v. Weaver,* 550 S.W.2d 18 (Tex.1977) said:

For the purposes of application of statutes of limitations, a cause of action generally can be said to accrue at the time when facts come into existence which authorize a claimant to seek a judicial remedy. *Williams v. Pure Oil Company,* 124 Tex. 341, 78 S.W.2d 929 (1935). In personal injury actions, this means when the wrongful act effects an injury, regardless of when the claimant learned of such injury. An exception to this rule of accrual has been applied by this and many other courts in some situations in which a claimant was unable to know of his injury at the time of actual accrual; the exception is known as the "discovery rule." . . .

The result in "discovery rule" cases like *Gaddis, Hays v. Hall* and *Grady v. Faykus* [530 S.W.2d 151] stems from the recognition of the purposes of statutes of limitations; and, at the same time, recognition of what is not the statutes' purpose, but an unfortunate, occasional by-product. The primary purpose of a statute of limitations is to compel the exercise of a right of action within a reasonable time so that the opposing party has a fair opportunity to defend while witnesses are available and the evidence is fresh in their minds. *Price v. Estate of Anderson,* 522 S.W.2d 690 (Tex.1975); *Hallaway v. Thompson,* 148 Tex. 471, 226 S.W.2d 816 (1950). Statutes of limitations are not directed to the merits of any individual case, they are a result of the legislative assessment of the merits of cases in general. The fact that a meritorious claim might thereby be rendered nonassertible is an unfortunate, occasional by-product of the operation of limitations. All statutes of limitations provide *some* time period during which the cause of action is assertible. However, preclusion of a legal remedy alone is not enough to justify a judicial exception to the statute. The primary purpose of limitations, to prevent litigation of stale or fraudulent claims, must be kept in mind. See Note, 30 Sw.L.J. 950 (1976).

In the case at bar, when Cox executed the instrument of conveyance in September, 1974, he knew the instrument failed to include an express lien to protect him. He was also aware of the Kimball, Inc. debt prior to the taking of his judgment in the Cox-Joplin lawsuit. Cox has not alleged any act on the part of Rosser which prevented him from discovering any alleged wrongful acts on Rosser's part, nor has Cox made any allegations of fraud. The court in *Hurbrough v. Cain,* 571 S.W.2d 216 (Tex. Civ.App.—Tyler 1978, no writ) quoting 37 Tex.Jur.2d Limitations of Actions, sec. 79, p. 221, said:

"Where plaintiffs' pleading shows on its face that the suit was not filed within the statutory period, plaintiff is required 'to allege such wrongful conduct', as against the plea of limitation, as will entitle him to recover; and mere failure to disclose a cause of action, or mere concealment, is not fraudulent concealment. *Owen v. King,* 130 Tex. 614, 111 S.W.2d 695, 696. It is incumbent upon plaintiffs to 'either allege a fraudulent concealment' or facts which in law would take the cause of action out of the bar of the statute. *Luling Oil & Gas Co. v. Humble Oil & Refining Co.,* 144 Tex. 475, 191 S.W.2d 716, 723." *Shipp v. O'Dowd,* supra, 454 S.W.2d 845.

We see no reason to extend the "discovery rule" and we hold it should not apply to toll the statute of limitations in the case at bar. See *Minyard v. Southern Pipe & Supply Co., Inc.,* 563 S.W.2d 332 (Tex.Civ. App.—Dallas 1978, writ ref'd n. r. e.).

Our examination of the pleadings and the summary judgment proof establishes that without the application of the "discovery rule" Rosser has conclusively established that Cox is barred by limitations in his cause of action.

This ruling makes it unnecessary to consider appellant's other points of error. The judgment of the trial court is affirmed.