**Delmer E. WOODBURN, Plaintiff-Appellant,**

v.

**Windle TURLEY et al., Defendants-Appellees.**

No. 78–3580.

United States Court of Appeals, Fifth Circuit.

Sept. 8, 1980.

Rehearing Denied Oct. 6, 1980.

---

Charles Clark, Circuit Judge, filed a dissenting opinion.

Douglas R. Larson, Dallas, Tex., Ed J. Polk, San Francisco, Cal., for plaintiff-appellant.

Robert G. Vial, Jeffrey S. Lynch, Dallas, Tex., for Windle Turley.

G. Duffield Smith, Gordon H. Rowe, Jr., Dallas, Tex., Eddie Vassallo, Dallas, Tex., for all other defendants-appellees.

Before MORGAN, CHARLES CLARK and TATE, Circuit Judges.

MORGAN, Circuit Judge.

Following the adverse adjudication of his age discrimination claim against a former employer, Delmer Woodburn filed this professional malpractice suit against attorneys Windle Turley, Mike McKool, Bill Jones, Bob Shoemaker, and the law firm of McKool, Jones, Shoemaker and Turley. The district court granted the defendants' motion for summary judgment on the ground that Woodburn's claim was barred by the Texas statute or limitations, and Woodburn appealed.

The events leading to Woodburn's complaint against the defendants began in November 1970, when Woodburn was discharged from employment by the LTV Aerospace Corporation. On January 18,

1971, Woodburn signed a contract to retain the defendants for the prosecution of his age discrimination claim.

Under section 7(d) of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 626(d) (1976), as it then provided, Woodburn was required to deliver a notice of his intent to sue to the Secretary of Labor within 180 days after the alleged discriminatory act.[1] Calculated from the date of Woodburn's discharge from LTV, the deadline for notice to the Secretary passed on May 12, 1971. Woodburn alleges that neither he nor the defendant attorneys had submitted notice of intent to sue prior to that time.

On July 1, 1971, the defendants advised Woodburn that the prospects for his private cause of action were bleak, but that he might obtain the assistance of the Labor Department in regaining his job. Woodburn contacted the Department soon thereafter, and on December 14, 1971, the Department responded by letter as follows:

Dr. Mr. Woodburn:

. . . . . .

Based upon the facts disclosed by our investigation, it could not be determined that your discharge was in violation of the Act.

The Department of Labor can take no further action with respect to this matter. This does not affect your individual rights, as explained on page 4 of the enclosed pamphlet. As you will note, there are certain requirements with specific time periods governing the circumstances under which an individual can file his own suit under this Act. The fact that you submitted information concerning an alleged unlawful practice has not been considered a notice to the Secretary of Labor of intent to file suit. We do not, of course, encourage or discourage such suits. The decision is entirely up to you.

Sincerely yours
E. M. Wiemar
Area Director

The pamphlet that accompanied the letter explained that "Before an individual brings court action, he must give the Secretary not less than 60 days' notice of his intention. . . . This notice must be filed within 180 days of the occurrence of the alleged unlawful practice. . . ."

On January 7, 1972, defendant Turley wrote to Woodburn that it was "not too late for the Labor Department to bring a case against LTV since that matter is controlled by a two year statute of limitations . . ." Turley added, however, that there was nothing more he could do for Woodburn's private cause of action at that time. After this letter, there was no further correspondence between Woodburn and the defendants.

Woodburn then hired attorney Ed J. Polk to litigate the same discrimination claim he had earlier brought to the defendants. On October 24, 1972, a lawsuit was filed for Woodburn against the LTV Aerospace Corporation. When LTV moved for summary judgment on the ground that Woodburn had failed to file a 180-day notice of intent to sue, Woodburn argued in reply that although no notice of *intent* had been filed with the Department of Labor, a *charge* of discrimination made by Woodburn to the Department satisfied the notice requirements of the Age Discrimination Act. The district court denied LTV's motion for summary judgment on May 18, 1973, stating in a brief order that "the court is of the opinion that the required notice of intent to file this action was given the Secretary of Labor. . . ."

While Woodburn's case was pending in the district court, this court decided *Powell v. Southwestern Bell Telephone Co.*, 494 F.2d 485 (5th Cir. 1974), holding in an opinion dated May 23, 1974, that a charge of discrimination made to the Department is not a satisfactory substitute for notice of intent to sue. On November 7, 1975, the district court dismissed Woodburn's claim for noncompliance with the statutory notice

---

1. Section 7(d) was amended in 1978 to allow the filing of a *charge* of discrimination to satis- fy the notice requirement. Pub. L. 95–256, § 4, 92 Stat.191.

requirement and cited *Powell* as authority for its action. This court affirmed dismissal of Woodburn's claim on May 14, 1976.

Not until May 13, 1977, did Woodburn file the malpractice suit now before this court. On December 20, 1977, he amended his complaint to include a cause of action for breach of contract.

Conceived as a tort action, Woodburn's claim is governed by the two-year limitation of Tex.Rev.Stat.Ann. art. 5526. In applying this statute to malpractice cases, the Texas Supreme Court has held that the two-year period commences only after the wrongful act of the defendant results in legal injury to the plaintiff. *Atkins v. Crosland*, 417 S.W.2d 150 (Tex. 1967).

■ Woodburn would have us hold that he suffered no legal injury until the dismissal of his suit against LTV on November 7, 1975. Under Texas law, however, legal injury is complete when the negligence of the defendant attorney results in a diminution of the plaintiff's rights under the law, *not* when that diminution is confirmed by a court having jurisdiction over the matter. *Pack v. Taylor*, 584 S.W.2d 484 (Tex.Civ.App. 1979), *Cox v. Rosser*, 579 S.W.2d 73 (Tex.Civ.App. 1979). Were we to find that the law before *Powell* was so unsettled that Woodburn suffered no immediate injury, as indeed the district court in the LTV suit first believed that Woodburn's discrimination claim was viable, still Woodburn's injury was manifest no later than May 23, 1974, when *Powell* was decided.

■ Alternatively Woodburn asks that we apply the rule, reserved for special cases, that the statute of limitations is tolled until the plaintiff discovers his injury. *See, e.g., Gaddis v. Smith*, 417 S.W.2d 577 (Tex. 1967) (statute of limitations ran from date plaintiff discovered sponge left in her body by negligent surgeon). Following the *Powell* decision, however, all the facts of Woodburn's injury were accessible to Woodburn and his new attorney. From at least that point forward, he was chargeable with knowledge of his cause of action. The defendants' lost gamble, perhaps needlessly taken, had been laid bare.

■ Woodburn contends lastly that his claim against the defendants should be sustained as an action for breach of contract under the four-year limitation of Tex.Rev. Stat.Ann. art. 5527. Malpractice actions against attorneys, however, sound in tort under Texas law regardless of how a plaintiff may frame his complaint. Only the two-year limitation of section 5526 is applicable. *Citizens State Bank of Dickinson v. Shapiro*, 575 S.W.2d 375 (Tex.Civ.App. 1978). See also *Pack v. Taylor, supra; Cox v. Rosser, supra; Crawford v. Davis*, 148 S.W.2d 905 (Tex.Civ.App. 1941).

AFFIRMED.

CHARLES CLARK, Circuit Judge, dissenting:

I respectfully dissent. The majority holds that Woodburn's injury was manifest no later than May 23, 1974, the date this court decided *Powell v. Southwestern Bell Telephone Co.*, 494 F.2d 485 (5th Cir. 1974). As the majority notes, the district court denied LTV's motion for summary judgment approximately a year before the *Powell* decision, ruling in Woodburn's favor on the question whether Woodburn gave timely notice of intent to sue. Therefore, on the date of *Powell*, Woodburn was prevailing on the very issue on which *Powell* is asserted to have made his injury manifest. Moreover, the record reveals that defendant LTV did not move the district court to reconsider its earlier motion until August 27, 1975, a year and three months after *Powell*. Woodburn thus had an outstanding and unchallenged judicial ruling in his favor that he had given satisfactory notice until long after we decided *Powell*.

Had Woodburn tried to file his malpractice action at the time the majority holds that Woodburn's cause of action accrued, surely the defendant attorneys would have been able to have such a suit dismissed as premature. Woodburn had not then suffered any legal injury. He had an adjudication, albeit ultimately reversed, that *Powell* did not control his case. Indeed, at that time it was possible that LTV would never

move the court to reconsider its earlier motion and that Woodburn would prevail on this issue.

I do not believe that Texas law requires the filing of such premature, anticipatory malpractice actions. *Pack v. Taylor*, 586 S.W.2d 484 (Tex.Civ.App. 1979), and *Cox v. Rosser*, 579 S.W.2d 73 (Tex.Civ.App. 1979), do not compel such a result. In each of those cases, the attorney allegedly acted negligently in a straightforward legal situation: *Pack* involved the question whether the plaintiff's signing a release would bar his subsequent suit for damages; *Cox* dealt with the failure to include an express lien in the execution of a deed. In neither case was it suggested that the law was new, unsettled, or even confusing. In neither case had a court in a then pending action ruled in plaintiff's favor on precisely the issue of the legal effect of the defendant's alleged negligence. I agree that the Texas rule in such straightforward situations is that the statute begins to run when the attorney's negligence causes the plaintiff injury and not when a court adjudicates the fact of injury. I do not believe that Texas would hold this rule should control the present case.

I think Texas would hold that Woodburn's cause of action accrued no earlier than August 27, 1975, when the defendants filed their motion to reconsider in light of *Powell*. It might plausibly be contended that it accrued no earlier than November 7, 1975, the date Judge Hill dismissed the action. In either event, Woodburn commenced this malpractice action within the two-year statutory period. I would therefore not reach the issue whether Texas permits the discovery rule in legal malpractice actions nor whether the contract statute of limitations can apply to malpractice actions.

Prospective litigants should be encouraged to file their lawsuits as soon as they have suffered an injury, and should not await a judicial declaration of injury. On the other hand, a party who has received a judicial declaration of *no* injury should not be compelled to add a burden on the courts based solely on conjecture. I would reverse and remand.