Thomas ANDERSON, Appellant,

v.

Tom SNEED, Appellee.

No. 7043.

Court of Civil Appeals of Texas, El Paso.

April 8, 1981.

Opinion on Denial of Rehearing May 6, 1981.

See 618 S.W.2d 388.

Spivey & Grigg, Broadus A. Spivey and Paul E. Knisely, Austin, for appellant.

Cotton, Bledsoe, Tighe & Dawson, P. C., Charles Tighe, Max E. Wright, Deborah Randerson, Midland, Law Offices of Tom Sneed, Odessa, for appellee.

## OPINION

OSBORN, Justice.

This is a legal malpractice case. The trial Court entered a summary judgment for the attorney on the grounds that the client's suit was barred by the two-year statute of limitations. Having concluded that there is fact issue as to fraudulent concealment, we reverse the summary judgment and remand the case to the trial Court.

The basic facts are undisputed. Thomas Anderson sustained personal injuries in a fire which occurred while he was delivering gasoline for a distributor to a Standard Oil service station on October 25, 1973. On August 15, 1974, Mr. Anderson entered into a contingent fee contract with Tom Sneed, a practicing attorney, to represent him in a third party suit for his damages.

Mr. Sneed filed suit against Standard Oil Company of Texas on May 27, 1975. On March 11, 1976, Standard Oil filed a motion for summary judgment. An amended petition was filed on June 21, 1976, to join Sam Boyd, operator of the station, and Richard Hinkle, the Standard distributor, as parties. On January 5, 1977, both Boyd and Hinkle filed motions for summary judgment. Nearly a year later, on January 10, 1978, an amended petition joined the Estate of Alta Marie Neithercutt, the owner of the premises where the fire occurred. Summary judgment was entered for Hinkle on January 19, 1978, and for Boyd and Standard Oil on February 7, 1978. A motion to dismiss the Estate was granted on October 27, 1978, and the suit was dismissed.

Anderson and Sneed terminated their client-attorney relationship on August 11, 1978, and this suit was filed on June 25, 1979. Sneed obtained a summary judgment based upon his plea of limitations. The basic contention presented in the trial Court, and now urged on appeal, asserts that Mr. Anderson's third party suit had to be filed within two years of his accident, and, when the proper parties had not been joined by October 25, 1975, Mr. Anderson had a cause of action for legal malpractice. Counsel for Mr. Sneed asserts that any suit for negligence was required to be filed within two years from that date, and this suit, which was not filed until June, 1979, was barred. Counsel for Mr. Anderson recognizes the applicability of Article 5526, Tex.Rev.Civ.Stat.Ann., and in his brief says: "A Texas tort plaintiff ordinarily has two years from the date of injury in which to file suit."

The first issue to be decided is when did Mr. Anderson's cause of action arise. Appellant asserts it could have been when the case was finally dismissed (10–27–78); when the Estate moved to dismiss (2–14–78); when the summary judgment was entered for Standard Oil (2–7–78); or when Boyd and Hinkle moved for summary judgment (1–5–78). In any event, this suit was filed within two years from each of those dates. We conclude that the cause of action arose on October 25, 1975, two years after the accident made the basis of the third party claim. Having accepted employment to represent Mr. Anderson in this

case, Tom Sneed had a duty to sue the proper parties prior to the running of limitations on October 25, 1975. Had those parties not been joined by that time, there was a breach of duty which would give rise to a claim for negligence against the attorney.

Perhaps the first Texas case to pass on the issue was *Fox v. Jones,* 14 S.W. 1007 (Ct.App., 1889). In that case, an attorney was employed to collect on a promissory note about fifteen days before it was barred by the four-year statute of limitations. In considering the issue of when limitations began to run against the attorney for failure to collect on the note, the Court said:

Among others, defendant set up, as a special exception to plaintiff's petitions, that this suit, when instituted, showed that the cause of action as against defendant was barred by the statute of limitations of two years; that the note was delivered to defendant for collection on the 15th day of September, 1886; and that the original petition was not filed until the 29th day of September, 1888, more than two years thereafter. The note did not become barred until the 1st of October, 1886, and no cause of action for failure and neglect to collect inured to plaintiff against this defendant in this case until after said note became barred by limitation, which was on the 1st of October, 1886; and, this suit having been brought within two years from that date, the action was not barred. The statute begins to run from the time of the breach of professional duty. *Moore v. Juvenal,* 92 Pa.St. 484; *Machine-Works v. Reigor,* 64 Tex. 89. It was error to sustain the demurrer and exceptions to plaintiff's petition and dismiss his suit, and the judgment is reversed, and cause remanded.

In *Ames v. Putz,* 495 S.W.2d 581 (Tex.Civ. App.—Eastland 1973, writ ref'd), the trial Court in another legal malpractice case awarded damages upon a finding "that Ames [the attorney] was negligent in failing to file suit before limitations had run; * * *." That judgment was affirmed.

Both of these cases and the results reached are noted in a recent discussion on this subject. Ward, *Legal Malpractice in Texas,* 19 S.Tex.L.J. 587 at 597 (1978). In discussing the issue of limitations, the author of that article at page 611 said:

Attorneys in Texas also enjoy a favorable limitation rule. Under the holding of *Crawford v. Davis* [148 S.W.2d 905 (Tex.Civ.App.—Eastland 1941, no writ)], the occurrence rule is applicable in determining the staleness of a client's claim against his attorney for legal malpractice in tort. This means that the cause of action accrues and the statute of limitations begins to run 'at the time when the negligence or breach of duty occurs, not at the time when it is discovered, or actual damage results or is fully ascertained.' [footnotes omitted].

But, that same article notes on page 613 that the Texas Supreme Court in *Atkins v. Crosland,* 417 S.W.2d 150 (Tex.1967), expressly disapproved certain language in the *Crawford* case. The *Atkins* case involved the negligence of an accountant, and the Court applied the rule that limitations ran from the time the damage resulted and not when the negligence occurred. In that case, the Court held limitations ran from the time the Commissioner of Internal Revenue Service assessed a tax deficiency and not at the time the accountant erroneously decided to use a cash rather than an accrual method of accounting in filing a tax return.

Thus, it is argued in this case that limitations should not begin to run until the suit was finally dismissed with the result that Mr. Anderson recovered nothing in his third party case. We reject that contention and follow the holding in *Fox v. Jones, supra.* The negligence for breach of a professional duty to sue those responsible for a given wrong occurs on the last day when such a party can be joined without being barred by limitations. In this case, all proper parties had to be joined within two years after Mr. Anderson's accident on October 25, 1973. If there was any negligence for

failure to sue the correct parties, it had to occur during that two year period. The subsequent dismissal of various parties and the suit itself only established such damages as may have resulted from the earlier negligence, if any. The legal wrong, if one occurred, was complete on October 25, 1975, even though the actual damages occurred at a later date when the suit was finally dismissed with no recovery.

The fact that limitations did not begin when the Anderson suit was finally dismissed in October, 1978, is best illustrated by the holding in *Pack v. Taylor*, 584 S.W.2d 484 (Tex.Civ.App.—Fort Worth 1979, writ ref'd n. r. e.). In that case, the injured party, upon advice of counsel, signed a release on April 8, 1974, but his suit against the City was not decided against him until March, 1976 and the appeal was not finally disposed of until November, 1977. In his malpractice suit against the attorney who advised him about signing the release, the Court held limitations began to run from the time the release was signed, not when a judgment was entered denying recovery on his claim for his injuries. The Court in its opinion said:

> The client's 'legal injury' has accrued when the force which produces the injury is wrongfully put in motion and has caused harm such that damages exist for which suit may be maintained.
>
> . . . .
>
> It was on April 8, 1974 that Pack's 'legal injury' was sustained, and cause of action born, so that suit could have been properly brought, and it would accordingly be that date from which any applicable period of limitation would be computed. In other words, any period of limitation would be computed from the time when he could have brought the instant suit, not in November of 1977 when the Supreme Court refused his application for writ of error.

This case was followed in *Woodburn v. Turley*, 625 F.2d 589 (5th Cir. 1980), where the Court said:

> Woodburn would have us hold that he suffered no legal injury until the dismissal of his suit against LTV on November 7, 1975. Under Texas law, however, legal injury is complete when the negligence of the defendant attorney results in a diminution of the plaintiff's rights under the law, *not* when that diminution is confirmed by a court having jurisdiction over the matter. *Pack v. Taylor*, 584 S.W.2d 484 (Tex.Civ.App.1979), *Cox v. Rosser*, 579 S.W.2d 73 (Tex.Civ.App.1979).

In our case, the act (actually an omission) which produced the injury, assuming one has been sustained, was the failure to sue the proper party or parties by October 25, 1975. On that date, Anderson sustained "legal injury" and the cause of action arose at that time. This malpractice suit was not filed within two years of that date. Point of Error Number Two is overruled.

Point of Error Number One is a general point that the trial Court erred in granting the Defendant's motion for summary judgment. Point of Error Number Three asserts the discovery rule and Point of Error Number Four asserts fraudulent concealment, both being presented as a basis for avoiding the statute of limitations. The discovery rule is a legal principle which, when applicable, provides that limitations run not from the date of the wrongful act or omission, but from the date the nature of the injury was or should have been discovered by the plaintiff. It is used to determine when a cause of action accrued.[1] Fraudulent concealment is an affirmative defense to the statute of limitations under which the plaintiff has the burden of presenting evidence to raise the issue. *Weaver v. Witt*, 561 S.W.2d 792 (Tex.1977).

We are aware that the Texas Supreme Court recognized the discovery rule as a

1. It has been suggested that when a court uses the discovery rule, it should be explicit in the fact that it is adopting an exception to the statute of limitations and not redefining the term "accrue" or adding a new element to the course of action on which the suit is based. 30 Sw.L.J. 957 (1976).

way to prevent a just claim from being barred in *Gaddis v. Smith*, 417 S.W.2d 577 (Tex.1967); *Hays v. Hall*, 488 S.W.2d 412 (Tex.1972);[2] and *Kelley v. Rinkle*, 532 S.W.2d 947 (Tex.1976). Yet, it chose not to extend the rule in *Robinson v. Weaver*, 550 S.W.2d 18 (Tex.1977), in which the Court said that case did "rest on matters of professional diagnosis, judgment or discretion." The same thing can be said for the case at bar. Certainly, some professional judgment was required in deciding whether to sue only one or multiple defendants, and who would be the proper party or parties. As in the *Robinson* case, the issues are ones that would demand expert testimony. They cannot be decided merely by looking at the pleadings and the orders entered in the third party suit. Thus, the same policy considerations which resulted in a refusal to extend the discovery rule in the *Robinson* case seem to apply in this case. *See: Harvey v. Denton*, 601 S.W.2d 121 at 125 (Tex. Civ.App.—Eastland 1980, writ ref'd n. r. e.).

Nevertheless, whether the discovery rule is applicable in legal malpractice cases appears to be an open question in Texas. In *Cox v. Rosser*, 579 S.W.2d 73 (Tex.Civ.App. —Eastland 1979, writ ref'd n. r. e.), the Court refused to apply the discovery rule in a suit which alleged that an attorney was negligent in failing to include a lien in a deed so as to protect a grantor and in failing to join a lienholder in a foreclosure suit. In *Smith v. Knight*, 598 S.W.2d 720 (Tex.Civ.App.—Fort Worth 1980, no writ), the Court applied the discovery rule in a legal malpractice case involving a failure to locate an existing lien in a title search. But, in a *per curiam* opinion, the Texas Supreme Court specifically reserved the question of the applicability of the discovery rule in legal malpractice cases. *Smith v. Knight*, 608 S.W.2d 165 (Tex.1980). It is not necessary for us to decide the issue

in this case since we sustain the fourth point of error concerning fraudulent concealment.

■ Plaintiff's response to Defendant's motion for summary judgment asserted that the "Defendant fraudulently concealed his negligence in failing to timely file suit against the proper parties in a personal injury suit in which he represented Plaintiff." It is also alleged that Mr. Anderson did not become aware of this negligence until October 27, 1978. That was, of course, the day his suit was dismissed. The affidavits of Mr. and Mrs. Anderson, which were attached to his response, asserted that Mr. Sneed told them that there were no limitations in this case. There are also statements that their counsel on numerous occasions represented that "everything was fine" on their case; that he had sued the proper party, Standard Oil Company; and, later, that he was going to settle the case in June, 1976. When the case was finally dismissed on October 27, 1978, Mr. Anderson knew for sure that the proper parties had not been timely sued and that there would be no recovery.

In *Nichols v. Smith*, 507 S.W.2d 518 (Tex. 1974), the Court at page 519 said:

When the defendant is under a duty to make a disclosure but fraudulently conceals the existence of a cause of action from the one to whom it belongs, the guilty party will be estopped from relying on the defense of limitations until the right of action is, or in the exercise of reasonable diligence should be, discovered.

In that case, the Court also noted that if a non-moving party is to avoid a summary judgment on the basis of an affirmative plea, it is necessary that the non-moving party present proof which raises an issue of fact concerning the affirmative plea.

**2.** Since the holdings applying the discovery rule in these medical malpractice cases, the legislature has passed the Medical Liability Act, which provides for a strict two-year occurrence rule. Art. 4590i, sec. 10.01; Witherspoon, *Constitutionality of the Texas Statute Limiting Liability for Medical Malpractice*, 10 Tex.Tech. L.Rev. 419 at 421 (1979); Ward, *Legal Malpractice in Texas, supra*, at 612.

In *Fitzpatrick v. Marlowe*, 553 S.W.2d 190 (Tex.Civ.App.—Tyler 1977, writ ref'd n. r. e.), the Court concluded that where there is a relationship of trust and confidence one can rely upon the statements of the one in whom the confidence is placed until there exists facts or knowledge which put an ordinarily prudent person on inquiry. The Court in that case said:

[W]e deem it contrary to the purpose of the limitation statute here involved to permit a defendant to avail himself of the two-year statute when he has affirmatively misrepresented the true facts, thereby preventing the plaintiff from discovering them and then insisting upon a strict application of the limitation period from the occurrence, the total effect of which he has affirmatively misrepresented.

We recognize that generally the misrepresentations relied on must be misrepresentations of fact and not misrepresentations of law, since all are presumed to know the law. Thus, the question arises as to whether or not Mr. Anderson can rely upon an alleged misrepresentation that there was no statute of limitations applicable to his case. In *Safety Casualty Company v. McGee*, 133 Tex. 233, 127 S.W.2d 176 (Comm'n. of App. 1939, opinion adopted), an exception to the general rule with respect to representations as to matters of law was quoted from *Towns v. Traders & General Ins. Co.*, 107 S.W.2d 460 (Tex.Civ.App.—Waco 1937, no writ), where the Court said:

But where one party, who possesses superior knowledge as to the law, takes advantage of the other party's ignorance in that respect and intentionally makes a misrepresentation concerning the law for the purpose of deceiving the other party and actually succeeds in that respect, he may be held responsible for his conduct.

That rule was applied by this Court in *Texas Employers' Insurance Association v. Dickson*, 489 S.W.2d 655 (Tex.Civ.App.—El Paso 1972, writ ref'd n. r. e.).

We are neither permitted nor required to decide in this case whether there was a fraudulent misrepresentation. We only determine that a fact issue was raised and such prevents the granting of a summary judgment. Points of Error Numbers One and Four are sustained.

Point of Error Number Five, which raises the applicability of the four-year statute of limitations, Article 5527, is overruled. The only claim made in the amended petition is one of negligence, and counsel for the Appellant acknowledges there is no allegation of breach of contract, even though these parties had entered into a written employment contract.

Since this case is to be remanded to the trial Court, we consider it appropriate to consider the applicable statute of limitations when the case is tried. A simple reading of the statutes of limitations, without any review of the cases, would perhaps cause one to conclude that a negligence case such as this would be barred after four years under Article 5529, Tex.Rev.Civ.Stat. Ann., because there is no statute of limitations applicable to "negligence cases." But, a review of the case law reveals that in every instance the courts have applied the two-year limitation provided for in Article 5526. *Atkins v. Crosland, supra, Fox v. Jones, supra, Crawford v. Davis, supra, Cox v. Rosser, supra, Pack v. Taylor, supra,* and *Citizens State Bank of Dickinson v. Shapiro*, 575 S.W.2d 375 (Tex.Civ.App.—Tyler 1978, writ ref'd n. r. e.). In none of those cases did the courts address the issue of which of the subdivisions of Article 5526 was to be applied to a malpractice case in which it was claimed that the defendant had been guilty of negligent conduct.

Under the holding in *Davies v. Texas Cent. R. Co.*, 62 Tex.Civ.App. 599, 133 S.W. 295 (1910, no writ), Subdivision 1 with regard to actions of trespass would not apply even though, as the Court said in that opinion, the word "trespass" is given a broad meaning to include all tortious acts, nevertheless the trespass must arise from some affirmative act and not from the mere omission to do a duty. Even if this case

involved some act rather than omissions, Subdivision 1 would still appear not to be applicable since the trespass did not result in injury to the estate or the property of Mr. Anderson. Neither would Subdivision 6 apply because the action is not for an injury to his person.

In *Blondeau v. Sommer*, 139 S.W.2d 223 (Tex.Civ.App.—Galveston 1940, writ ref'd), the Court in a negligence case, brought by an independent executrix and sole devisee against the agent of the devisee's deceased mother, said:

> Since this is an action in tort for damages resulting from alleged acts of negligence and fraud on the part of appellee, it is governed by the two-year statute of limitation, R.S. Article 5526, Subd. 4, which provides that all actions for debt, where the indebtedness is not evidenced by a contract in writing, shall be commenced and prosecuted within two years after the cause of action shall have accrued.

■ Following the holding in that writ refused case, we can only conclude that a tort claim for damages alleged to have been sustained as a result of the negligence of another party has been held for many years to be barred by the provisions of Subdivision 4 of Article 5526, which provides a two-year limitation for "[a]ctions for debt where the indebtedness is not evidenced by a contract in writing." But, effective August 27, 1979, that provision was removed from Article 5526, and Article 5527 now provides that "[a]ctions for debt" are barred by the four-year limitation period. Therefore, it would appear that since the date of the amended statute, malpractice actions are now barred after four years and not two years.[3] Nevertheless, the law is clear that when a cause of action has become barred by the statute of limitations, the defendant has a vested right which cannot be taken away by a subsequent legislative enactment. *Ex parte John M. Abell*, 613 S.W.2d 255 (1981); 37 Tex.Jur.2d *Limitation of Actions* sec. 10. Therefore, we conclude that upon remand of this case, the two-year statute shall be applied.

The judgment of the trial Court is reversed and the case is remanded to that Court.

---

3. We recognize that the medical profession has a special two-year limitation period for health care liability claims. Art. 4590i, sec. 10.01.